MINNIE STONE, Appellant, v. MARTIN MOORE, Appellee.

1. **Practice in Supreme Court:** VERDICT: CONFLICT OF EVIDENCE.
Where there is an irreconcilable conflict in the evidence in a cause
the supreme court will not reverse a judgment and order a new trial
upon the ground that the verdict and judgment are not supported by
the evidence.

2. **Assault:** DAMAGES: EVIDENCE. In an action for damages sustained
from an assault made upon the plaintiff by the defendant the plaintiff
claimed that at the time of the assault she was pregnant, and that the
abuse of the defendant produced an abortion, and injured her health
to such a degree as to render her unable to perform the labor which
before that time she was accustomed to do. *Held,* that a non-expert
witness for the plaintiff, who was acquainted with her, and saw her fre-
quently, was properly permitted to testify that the plaintiff's physical
condition was one of feebleness and inability to do hard work.

3. ———: ———: TESTIMONY OF EXPERTS. A female physician who
had attended a regular medical school, and has practiced her profes-
sion, but who had since abandoned the regular practice of medicine
and adopted Christian Science as the proper method of healing the
sick, *held,* to be competent to testify as an expert as to the result of
her examination of the plaintiff, and to state the symptoms complained
of by her.

4. **New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be
granted upon the ground of newly discovered evidence when such evi-
dence is merely cumulative, or is of such a nature as should have been
discovered before or during the trial.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN
T. STONEMAN, Judge.

MONDAY, JUNE 1, 1891.

THIS is an action for damages for an alleged assault
and battery inflicted upon the plaintiff by the defend-
ant. There was a trial by jury, and a verdict and
judgment for the plaintiff for five hundred dollars.
The defendant appeals.—*Affirmed.*

*M. P. Smith,* for appellant.

*Warren Harman,* for appellee.

Rothrock, J.—I. Numerous objections are made by the appellant to rulings of the court during the trial.

1. Practice in supreme court: verdict: conflict of evidence.

A number of the alleged errors are found to have no place in the record. The appellee filed an additional abstract, which shows that fact, and the parties stipulated that where the abstracts are in conflict that of the appellee is to be taken as correct. We will proceed to consider such alleged errors as are to be found in the case as presented by the parties, and which appear to demand the attention of this court.

If credence is to be given to the testimony of the plaintiff the defendant committed an outrageous assault upon her in her own house, and struck her twice with a horsewhip, and used violent and indecent language to her. She and her husband lived in a house which they rented from the defendant, and she claims that the defendant's ostensible purpose in visiting the house was to collect rent. She claimed that at the time of the assault she was pregnant, and that the abuse of the defendant produced an abortion, and injured her health to so great a degree as to render her unable to perform the labor which before that time she was accustomed to do. The defendant, in his testimony, denied that he made any assault upon the plaintiff, and denied that he was at or near the house of the plaintiff at the time when the alleged assault was committed. In other words he relied upon an *alibi.* He was corroborated by other witnesses to some extent as to his whereabouts on the day of the alleged assault. We are asked to reverse the judgment because it is not supported by the evidence. We have stated enough of the

facts sworn to by the witnesses on the trial to demonstrate that we cannot interfere with the verdict. The evidence presented an unmistakable and irreconcilable conflict, and having been passed upon by the jury, and undergone the scrutiny of the learned judge who tried the case, we cannot say that the court erred in overruling the motion for a new trial on this ground.

II.  A witness for the plaintiff, who appears to have been acquainted with her, and had become interested in her condition, and saw her frequently, was asked if she knew the physical condition of the plaintiff at the time of the trial. The question was objected to because it was not shown that the witness was a physician, or familiar with the science of medicine. The objection was overruled, and the witness answered: "I know it [plaintiff's condition] to be one of feebleness and inability to do hard work." It appears to us that there is no valid objection to the ruling of the court in permitting this evidence to be introduced. The question did not call for the opinion of a medical expert. It was evidence of a fact open to the observation of anyone who was familiar with the plaintiff and accustomed to observe her appearance and movements. That the evidence was competent, see *Tierney v. Minn. & St. L. Ry. Co.*, 33 Minn. 31; 23 N. W. Rep. 229; *State v. Shelton*, 64 Iowa, 333; Lamen on Expert Evidence, 466.

2. Assault: damages: evidences.

III.  A female physician, named Bushnell, was examined as a witness for the plaintiff. It appears from the testimony of this witness that she attended a regular medical school, and that she practiced her profession for some three years. The plaintiff, after her alleged injury, was examined by the witness, who was permitted, over the objection of the defendant, to state the result of her examination, including the symptoms complained of by the plaintiff. It is claimed that this was error. There

3. ——: ——: testimony of experts.

was surely no more valid objection to this evidence than there would have been if it had been given by any other physician, and it is well settled that it is competent for a physician to state the complaint made by a patient as part of the diagnosis of the case. It further appears from the testimony of this witness that a short time before she was consulted as a physician by the plaintiff she (the witness) had abandoned the regular practice of medicine, and that she had adopted Christian Science as the proper method of healing the sick. She treated the plaintiff by that method, and she was permitted to state to the jury that her services to the plaintiff were worth from twenty-five dollars to thirty-five dollars. It is claimed that the idea which is entertained by some that the sick may be healed by what is called "Christian Science" is a humbug and a fraud. This may be true, but this question cannot be judicially determined without evidence, especially when it arises in a case in a collateral way. If this plaintiff honestly believed that she could be benefited by the treatment of this female physician it is not for a court to judicially determine that she ought to have secured the services of a physician of any particular class or kind. If she had in good faith called in a "root and herb doctor," or a "steam doctor," or one who claimed to cure the "ills to which flesh is heir" by any other method, the courts will not determine that she ought to have employed another.

IV. The defendant complains of the court's instructions to the jury. We have carefully examined these alleged errors, and our conclusion is that they ought not to be the subject of objection. When considered in connection with the appellee's abstract of the pleadings it appears that there was no prejudice to the defendant in any part of the charge to the jury.

V. One ground of the motion for a new trial was based upon alleged newly discovered evidence. This.

4. NEW trial: newly discovered evidence. evidence consists of a number of affidavits, in which the affiants state certain facts which, upon a trial, would be proper evidence. Nearly all of this evidence is, however, merely cumulative. It is of the same kind and to the same point as much of the evidence introduced by the defendant on the trial. That which is not cumulative, it appears to us, ought to have been discovered by the defendant before or during the trial. We need not set out these affidavits, nor further elaborate the case.