ALICE ARYMAN v. THE CITY OF MARSHALLTOWN,
Appellant.

**Personal Injury: Complaints to Physician.** Complaints of pain made to a physician at various examinations of an injury are admissible under the rule which admits statements needed to aid the surgeon in examining his case, and the admission is, at all events, harmless, where it is self-evident and unquestioned that pain existed. (1)

REFUSING NEEDLESS PROOF. It is not error to refuse letting a defendant prove what the plaintiff has already shown and about which there seems to be no dispute. (1)

Refusing Instructions Already Covered. It is not error to refuse instructions where, so far as they state the law correctly, they are fully covered by the charge of the court. (2)

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, FEBRUARY 5, 1894.

ACTION to recover for personal injuries, sustained, as is alleged, by reason of defendant's negligence in permitting one of its sidewalks to be and remain in a dangerous condition. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*O. Caswell* and *B. F. Cummings* for appellant.

*J. L. Carney* and *B. L. Burritt* for appellee.

GIVEN, J.—I. Appellant assigns as errors certain rulings of the court in taking testimony. The surgeon who attended the plaintiff was permitted to testify over defendant's objection that on the first examination the plaintiff complained of pain, and that at another examination she complained of pain on the outside of her leg. There was no prejudice in admitting these

statements, even though they were incompetent, for it was only stating that which was self-evident and unquestioned. There is no question but that the plaintiff did have an injured or diseased toe joint that must certainly have caused her pain. The statements were admissible under the familiar rule that admits statements of the patient made to the physician or surgeon which are necessary to aid him in his examination of the case. There was no error in permitting plaintiff to show the condition of the sidewalk in the vicinity of the alleged accident, as that evidence was admissible as tending to show notice to the defendant, and must have been so considered under the instructions of the court. Appellant complains that it was not permitted to show on cross-examination "that the walk testified to in chief was openly and notoriously out of repair." We discover no prejudicial error in this ruling, as, by the questions, appellant was seeking to prove that which was claimed and proven by the plaintiff, and about which there seems to have been no dispute.

II. Appellant asked two instructions as to the care that plaintiff was required to exercise, and that a failure to exercise that care would be contributory negligence. The subject-matter of these instructions, so far as they state the law correctly, was fully embraced in those given by the court; hence there was no error in refusing them. We discover no error in the record, and the judgment of the district court is, therefore, AFFIRMED.