## WILLIAM SMAY v. SAMUEL ETNIRE, Appellant.

**Evidence: MATERIALTY AND RELEVANCY.** Evidence that plaintiff said after seeing land purchased by him from defendant, that it was better than defendant had told him it was, is admissible to contradict his claim that the land was not as defendant warranted it.

**COMPETENCY AND RELEVANCY.** Evidence as to how a specified quarter-section of land compared with the half of the county in which it was situated, which latter the witness had seen, is admissible on the issue whether one hundred and thirty-five acres of land in such quarter-section was equal in quality to the average farming lands in the entire county.

*Same.* Evidence of a conversation in regard to creamery wagons between plaintiff and defendant, long before a sale of the creamery to the defendant was in contemplation, is inadmissible to support a claim of defendant that they passed to him on the purchase of the creamery.

**WAIVER.** The admission of evidence that plaintiff in an action for assault and battery was a cripple, is not cause for reversal where the fact was put in issue by the pleadings, whether the evidence be material or immaterial.

**Practice on Appeal: PRESUMPTIONS.** Where testimony is rightfully excluded and it does not appear upon what objections, it will be presumed, on appeal, that an objection which was good was interposed.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

## WEDNESDAY, OCTOBER 14, 1896.

PLAINTIFF brought two actions against the defendant. The first one embraced two causes of action, viz., one for damages for assault and battery, and the other for damages for a breach of warranty as to certain Nebraska land which defendant conveyed to the plaintiff in part payment for a farm and other property in Iowa. The other case was an action in *detinue*

Word "admissible," in third line, second syllabus point, page 149, should be "inadmissible."

to recover certain personal property or its value. These two actions were, by order of the court, consolidated. Plaintiff on September 19, 1893, entered into a written contract whereby, for the consideration therein mentioned, he sold to the defendant one hundred and sixty acres of land in Story county, Iowa, "with all the buildings thereon, all machinery, all implements connected with the creamery, all tools in blacksmith shop owned by first party, ice tools, and wagon scales." A part of the consideration was paid in the transfer to plaintiff by the defendant of a quarter section of land in Buffalo county, Nebraska, at the agreed price of two thousand dollars. Defendant "guaranties 135 acres of said land to be equal in quality to the average farming lands in said Buffalo county, and, if below the average in quality, the said second party shall pay the difference in value between said tract and the value of wild or unimproved lands in said county." Plaintiff's action in *detinue* was for the recovery of a desk, posts, ax-handle timber, a telegraph pole, a thread case, and a desk stool, all of which he claimed were worth twenty-two dollars. Defendant filed an answer in denial to all of plaintiff's claims. As to the assault and battery, he pleaded that he only used such force as was necessary to protect his own property, which plaintiff was attempting to forcibly remove. As to the alleged breach of warranty, he averred a compliance with all the conditions of the contract. As to the articles of personal property claimed by plaintiff, defendant averred ownership of them by virtue of his contract of purchase of plaintiff's farm, and by reason of representations made by plaintiff to him. In a counter-claim he charges that plaintiff destroyed and converted to his own use various articles, worth one thousand dollars, which did not belong to him. He claims one desk, and pleads an estoppel as to plaintiff's claim for damages for a

breach of warranty. The cause was twice tried to the court and a jury. The first verdict was set aside. In a retrial the jury returned special findings as follows: For the plaintiff, on the first count of his petition, in the sum of four dollars and fifty cents. For the plaintiff, in the second count, in the sum of four hundred and thirty-four dollars. For the plaintiff for the articles of personal property claimed in the third count of the petition. For the defendant, on his counter-claim for failure to deliver property, forty-two dollars and fifty cents. Judgment was entered upon the verdict, and the defendant appeals.—*Reversed*.

*J. F. Martin* and *H. M. Funson* for appellant.

*Geo. W. Dyer* for appellee.

KINNE, J.—I. Appellant complains because the witness, Sargent, was permitted to testify that the plaintiff was a cripple. As the petition alleges such fact, and it was denied in the answer, it was a matter of issue; and, whether material or not, no prejudice resulted from the ruling.

II. On cross-examination, defendant asked plaintiff as to creamery wagons, and if he did not tell defendant that the wagons belonged to the creamery, and would go to him. These questions were objected to as incompetent and immaterial, and the objections sustained. The rulings were proper. It appeared from the evidence of the defendant, that whatever conversation the parties had about these wagons, occurred long before the farm was purchased, and, indeed, before defendant thought of buying it. It could, therefore, even if not objectionable otherwise, have had no bearing upon a contract which at that time was not within the contemplation of the parties.

III. Witness McKane, on cross-examination, was asked: "How does this quarter-section of land compare with the half of the county you have seen? Tell us." This question was touching the Nebraska land. The record fails to show what the ground of the objection was upon which the ruling was made. The guaranty was that one hundred and thirty-five acres of said land was to be equal in quality to the average farming lands in Buffalo county. The comparison called for by the question embraced but one-half of the lands of the county, while the contract called for a comparison with the whole of the farming lands of the county. Again the question called for a comparison of the entire quarter section, while, as we have seen, the guaranty was only as to one hundred and thirty-five acres of the quarter section. In the absence of anything in the record showing what objection was in fact made, we must presume that, if any objection to the question would have been good, it was interposed. The comparison called for not being a proper one, under the terms of the contract, there was no error in the ruling.

IV. Appellant attempted to show by two witnesses, that plaintiff had been to see the Nebraska land, and what he said about it. The evidence was excluded, as incompetent and immaterial, and calling for a conversation after the contract had been made, and after the rights of the parties had become fixed. As to witness Miller, the ruling was without prejudice, as he afterward testified to what plaintiff said. Witness Rosburow was asked if he knew of plaintiff's going to Nebraska to look at the land, and what he said on his return, and if he did not say, after having seen the land, that it was better land than defendant had told him it was. It seems to us, that this evidence was both competent and material. If, after making the trade, plaintiff inspected the

Nebraska land, and found it all it had been represented to him, it was a proper fact to show, as tending to contradict the claim as to the quality of the land.

V.   Exceptions are taken to certain instructions of the court. We have examined each of them, and find them correct. ·For the error heretofore pointed out, the judgment below is REVERSED.