G. C. ROBINSON V. THE CITY OF CEDAR RAPIDS, Appellant.

**Contributory Negligence:** JURY QUESTION: *Municipal corporations.*
1 Contributory negligence is a question for the jury, where plaintiff came out of a lighted store, and, in trying to cross a dark alley by its side, stepped from the curb upon a slanting and ice-covered apron with worn and broken cleats thereon, the top of which commenced six inches below the curb, which facts were not known to plaintiff, though he had for a long time worked within a short distance of the defect, and knew that the walk was above grade.

SAME. One unacquainted with an alley crossing has the right to rely on its being in a reasonably safe condition and is not bound to
2 anticipate that there is a drop at the end of the sidewalk of six inches, and from that point a slanting apron with cleats which are old and worn and partly removed, and which apron is made slippery by the accumulation of snow and ice.

**Harmless error:** EVIDENCE: *Objections.* The erroneous admission
8 of testimony that the witness had her attention called to a defective sidewalk by falling thereon, is without prejudice, where she was afterwards permitted, without objection, to tell how, when, and where she fell.

SAME. The erroneous admission of evidence that changes were made in a crossing after an accident thereon, which the court after-
'4 wards instructed the jury not to consider, is not prejudicial where the necessity for repairs and alteration was evident.

**Instructions:** CONSTRUED TOGETHER. An objection to an instruction that it fixed a liability on the defendant city for injury caused by
5 snow on a sidewalk, without reference to whether the city had had a reasonable time within which to remove the snow, was cured by an instruction that the city was not negligent if snow had fallen so short a time before the accident that, with ordinary care, it could not have been removed in time to have avoided the injury.

**Municipal Corporations:** NOTICE OF INJURY: *Statute of limitations.*
Under Acts Twenty-second General Assembly, providing that no
6   suit shall be brought for personal injuries against a city, after six
months from the time of the injury, unless notice shall have been
served on the city within ninety days from the injury, an action
therefor may be brought at any time within the general statutory
limitation of two years, when such notice is served.

*Appeal from Linn District Court.*—HON. WILLIAM P.
WOLF, Judge.

MONDAY, JANUARY 25, 1897.

ON the evening of March 10, 1894, in passing along
the east side of Third street east, in Cedar Rapids, at
its intersection with the alley between First and
Second avenues, the plaintiff fell, and was injured.
From the street walk, which was high above grade, to
the paving in the alley, there was a slanting apron,
with cleats, the upper end being about six inches
below the walk. The cleats were old and worn, and
partly removed, and the apron made slippery by the
accumulation of snow and ice. The plaintiff alleged
negligence on the part of the city in so maintaining
its streets, and recovered judgment. The defendant
appeals.—*Affirmed.*

*Warren Harman* and *J. J. Powell* for appellant.

*Rickel & Crocker* for appellee.

LADD, J.—The defendant insists that the evidence
conclusively shows plaintiff to have been guilty of con-
tributory negligence, and that, for this reason, the case
ought not to have been submitted to the jury.
There were but two witnesses to the occurrence,
and they agree that the night was cold, dark,
and windy, and that there was some snow, or frost, in
the air. The grocery store out of which plaintiff and

Grimmell came was next to the alley. The walk in front of the store was lighted from within, but the alley was so dark that neither could see. The plaintiff had lived in Cedar Rapids eight years, and during that time had worked a block and a half distant, but he testifies that he did not remember ever having passed over this particular crossing before, and did not know its condition. He knew the walk was high above the grade. Grimmell was lame, and familiar with the place, and when he crossed it found it necessary to get down and feel his way. He could see the end of the sidewalk, but not into the alley.

The plaintiff had the right to rely upon the alley crossing being in a reasonably safe condition, unless he knew otherwise. He was not bound to anticipate a drop at the end of the sidewalk, of six inches, and, from there, on a slanting apron in such a condition on one of the principal streets of the city. He was simply required to exercise that degree of care and caution a prudent person would ordinarily use in passing along the streets of the city, and we think the question as to whether he did so was fairly and properly submitted to the jury.

II. Mrs. Truesdale, witness for plaintiff, after testifying to the condition of the alley crossing, was asked what especially called her attention to the place, and, over the objection of the defendant, answered, "I fell." Thereafter she detailed the particulars of the occurrence, without objection.

If there was any error in the ruling, it was waived by afterwards permitting the witness to tell how, where, and when she fell, without objection.

III. A witness was allowed to testify to changes and alterations made in the crossing after the accident. The court, however, in its instructions, withdrew all such evidence from the consideration of the

jury.   Striking evidence out after the jury has heard it, does not always remedy the mistake in erroneously admitting it, and trial courts cannot be too cautious in avoiding the necessity of so doing, and especially when the law excluding such evidence is well settled.   In this case the defendant was not prejudiced, as the necessity for repair and alteration was evident.

IV.   The defendant excepts to the seventh instruction, on the ground that the jury was told, in substance, that, if the crossing was in a dangerous condition by reason of the accumulation of snow and ice, and had so continued for such a length of time that the city, in the exercise of ordinary care, should have known thereof, then the city was negligent, and did not, in this connection, include a reasonable time within which the accumulation of snow and ice might be removed.   The statement of the law in this portion of the instruction is subject to the criticism made, but the rights of the defendant were fully guarded in another part of the same instruction, in which the jury are told that the "defendant cannot be charged with negligence on account of the accumulation of snow and ice, if such had fallen at the time, or had fallen such a short time before as that the defendant could not have been charged with want of ordinary care in failing to remove the same prior to the time of the accident."

V.   The defendant pleaded the statute of limitations.   The injury was received March 10, the original notice served September 6, and the petition filed September 25, of the same year.   No other notice was served.   It will be observed that the action was begun by service of the original notice more than three months, and within six months, after the accident.   Chapter 25 of Acts of the Twenty-second General Assembly, provides that for injuries such as

this, "no suit shall be brought against the corporation" after six months after the time of the injury, unless written notice, specifying the place and circumstances of the injury, shall have been served "within ninety days after the injury." The general statute of limitation fixes the time within which such action may be brought, at two years. In construing a statute, the purpose should be to give effect to all its provisions. Applying this rule, we conclude that when "notice specifying the place and circumstances of the injury is served" on the defendant within ninety days after the injury (changed to sixty days by the Twenty-sixth General Assembly), the action may be brought at any time within two years; but if such notice is not so served then, the action must be commenced within six months (now three months).—Affirmed.