Julia McDonald v. Franchere Brothers, A. Fran-
chere, N. F. Franchere, and G. Franchere,
Appellants.

**Principal and Agent:** ASSAULT BY CLERK. A clerk, undertaking to
obtain from a customer an article that he believed was stolen, is
1 so acting within the scope of his employment as to render his
employers liable for an assault thereby committed.

SAME. A clerk who touches a customer, and requests her to enter
another room, and there accuses her of taking an article, commits
3 an assault, under the definition of the instruction, "an assault is
the touching, or attempting to touch, the person of another in an
angry, violent, or rude manner."

**Opinion Evidence:** MENTAL PAIN. A witness need not be an expert
4 on the human mind and mental diseases to render him competent
to testify to manifestations of mental pain and anguish by,
another.

**Construction of Pleadings:** PARTNERSHIP. The title of a petition set
out as parties defendant the name of a firm, followed by the
names of three individuals who were proven to be the members
2 of the firm, and the amended petition alleged that the defendant
named as a firm was a co-partnership, and the individual mem-
bers did not deny liability as members of the firm    *Held*, that the
pleading was sufficient to sustain a judgment against the co-part-
nership and the individuals thereof.

*Appeal from Linn District Court.*—Hon. William G.
Thompson, Judge.

Thursday, May 27, 1897.

The plaintiff in her petition entitles this action as
above, and alleges as follows: "That, on or about the
twenty-fourth day of December, A. D. 1894, the plaintiff
was in the defendants' place of business, in the city of
Cedar Rapids, Iowa, for the purpose of making certain
purchases; that while she was there, behaving in all
respects properly, and doing nothing which would
excite any suspicion in the mind of any prudent person,

the said defendants wrongfully and maliciously, and without any just or probable cause whatever, assaulted the plaintiff, and forcibly compelled her to go into an adjoining room, and there submit to being searched, forcibly and against her will; that by reason thereof plaintiff has been put to great shame and disgrace, caused great mental suffering and anguish; and that defendants by reason thereof caused it to be believed and suspected that plaintiff had committed the crime of larceny." In an amendment she alleges "that the defendants, Franchere Brothers, is a co-partnership." She asked to recover ten thousand dollars damages. The defendants answered, denying every allegation in the petition, "except that they admit and allege that the firm of Franchere Bros. is a co-partnership, as alleged in plaintiff's petition." They further allege probable cause and other facts in mitigation of damages. A verdict was returned in favor of the plaintiff for five hundred dollars, and judgment rendered thereon. Defendants appeal.—*Affirmed.*

*John M. Redmond* for appellants.

*Rickel & Crocker* and *J. H. Crosby* for appellee.

Given, J.—I.   The evidence shows without conflict that, on the evening of the twenty-fourth day of December, 1894, the plaintiff was in a store in Cedar Rapids, Iowa, known as "The Fair"; that one Raymond Jones, employed as a clerk in said store, suspecting or believing that plaintiff had unauthorizedly taken a pepper caster from a counter in the store, asked her to go to another room, which plaintiff did. When in the other room said Jones accused plaintiff of having the pepper caster, or asked her if she had taken it. There is a conflict in the evidence as to

what took place at the time Jones asked or told the plaintiff to go to the other room, and as to who was present, and as to what took place in the other room.
Appellant's first contention is that there are no pleadings nor proofs that there was such a firm as Franchere Bros., December 24, 1894; as to who constituted such a firm at any time; that such a firm owned or were proprietors of "The Fair" on December 24, nor that the proprietor or proprietors of "The Fair" employed Raymond Jones on December 24, 1894. The petition is certainly not explicit as to any of these matters, and yet, in view of the title given to the case and the allegations which follow, it fairly appears therefrom that Franchere Bros. were a partnership on December 24, 1894; that A. Franchere, N. F. Franchere, and G. Franchere constituted the firm, and were the proprietors of the store in which the alleged wrong was inflicted. The co-partnership, and the three individuals named, were joined as defendants, and as such answered, none of them denying liability as a member of the firm. The jury was warranted, under the evidence, in finding that the three defendants named constituted the defendant firm; that the firm was the proprietor of the store known as "The Fair" on December 24, 1894, and that Raymond Jones was then in the employ of that firm. The several assignments of error based upon this contention are not well founded.

II. Under the law, the defendants, as employers of Raymond Jones, are bound by his acts within the scope of his employment. *McKinley v. Railway Co.*, 44 Iowa, 318. Appellant insists that the acts of Jones complained of are not shown to have been within the scope of his employment. We have examined this evidence with care, and think the jury was warranted in finding that what Jones said and did to the plaintiff was within the scope of his employment.

'Appellants also contend, in this connection, that what Jones did does not constitute an assault. The court instructed that "an assault is defined by the law as the touching, or attempting to touch the person of another in an angry, violent or rude manner." No complaint is made of this instruction, and we think the jury was warranted in finding, in the light of this definition, that an assault was committed upon the plaintiff. Counsel discuss the question whether defendants ratified the acts of Jones. As we view the case, this question is not involved in it, and the arguments need not be further noticed.

III.  Plaintiff's husband was permitted to testify, over defendants' objection, that when his wife came home that evening she was agitated, crying, and appeared to be worried, and that she continued to act in that manner for several months. The ground of appellant's objection is that "it is not the law that a witness may testify as to the mental condition of a person without a previous showing of special training and experience in the study of the human mind and mental diseases." The court, in instructing as to damages, told the jury that it should take into consideration any mental pain and anguish that the plaintiff suffered. This instruction is not objected to, and the evidence complained of was directly to that point. It is not required that a witness must be an expert to be entitled to testify to manifestations of mental pain and anguish. The case seems to have been fairly tried, and the findings of the jury to be warranted by the evidence. We conclude that the judgment of the district court should be AFFIRMED.