GEORGE H. KEYES v. THE CITY OF CEDAR FALLS, Appellant.

**Evidence:** DECLARATIONS: *Res gestae.* Statements or declarations which are near enough in point of time to the principal transaction clearly to appear to be spontaneous and unpremeditated and free from sinister motives and which afford a reliable explanation of the principal transaction, are admissible as *res gestae.*

RULE APPLIED. Plaintiff came into a mill about three minutes after he was hurt, with his clothes covered with dirt, an employee asked what was the matter, and he replied that he had fallen into an excavation, and was hurt. *Held,* such declaration was admissible as *res gestae,* and competent as explanatory of his appearance.

SAME. Declarations of a person as to present pain suffered by him are admissible in his favor in an action to recover for personal injuries.

RULE APPLIED. Declarations of a person in an action for personal injuries, subsequently to the injury, as to pains in his back, are admissible.

HARMLESS ERROR. Evidence that plaintiff told others about his having been hurt, although immaterial in an action to recover for his injuries, is not prejudicial where what he told them is not shown'

| | |
|---|---|
| 107 | 509 |
| 108 | 145 |
| 107 | 509 |
| 115 | 20 |
| e115 | 341 |
| 107 | 509 |
| 114 | 66 |
| 107 | 509 |
| 120 | 335 |
| 122 | 93 |
| 107 | 509 |
| 124 | 123 |
| e124 | 391 |
| f124 | 624 |
| 107 | 509 |
| 128 | 254 |
| 128 | 255 |
| 128 | 281 |
| 107 | 509 |
| j130 | 596 |
| 107 | 509 |
| 131 | 50 |
| 107 | 509 |
| f133 | 653 |
| 107 | 509 |
| 135 | 274 |
| 135 | 417 |
| 107 | 509 |
| 136 | 305 |
| 107 | 509 |
| 137 | 206 |
| 107 | 509 |
| 138 | 111 |
| 107 | 509 |
| 141 | 116 |
| 142 | 113 |

SAME. The admission over objection in an action for personal injuries of the testimony of a township trustee that he was called upon to furnish aid to plaintiff and his family and at the time made an investigation as to plaintiff's ability to perform labor, is not prejudicial error, where he testifies without objection that he found plaintiff was unable to perform labor and the jury are instructed that they cannot consider the evidence for the pur pose of showing the plaintiff's pecuniary condition but only as bearing upon his inability to labor and that they cannot consider evidence as to aid furnished plaintiff by the township trustees.

SAME. The overruling of and objection to the testimony of plaintiff in an action for personal injuries, that he was compelled to sell out his business because his physical condition was such that he was not able to carry it on, is not reversible error, although the fact that he sold out his business was immaterial since the fact that he was unable to attend to his business by reason of his injuries was material to the question as to the amount of damages sustained.

MORTALITY TABLES. The Mortality tables are admissible in evidence to aid the jury in determining the amount of damages sustained by plaintiff in an action for personal injuries, provided they find he is permanently injured.

**Damages.** The failure of an injured person to comply with the directions of his physician does not necessarily preclude the recovery of damages accruing after such failure, but he cannot recover for such of the subsequent damages as were occasioned by his failure in that respect.

NOTICE: *Highway.* A city is chargeable with notice of an excavation extending to the sidewalk, made for the purposes of a basement window, under the direction of a member of a firm of building contractors who was a member of the city council and chairman on streets and alleys, notwithstanding that he had not obtained a permit to make the excavation, where it does not appear that such a permit was necessary.

INSTRUCTIONS. Where the court instructs that no damages can be allowed plaintiff for impairment of his health occasioned by his neglect to observe directions of his physician after he received his injuries, it is not error to refuse an instruction that plaintiff cannot recover for any damages accruing after his failure to comply with his physician's directions.

SAME. A verdict for three thousand dollars against the city for permanent injuries sustained by an able-bodied man, falling at night into an unguarded excavation in a street, is not excessive.

SAME. Where a city does not require permits for the erection of buildings, an alderman excavating the sidewalk in the erection of a building without permission, is not a tresspasser; hence a con-

tention that his knowledge was not notice to the city, because it was to his interest to keep knowledge from the city, is untenable where the excavation was easily seen and no fraud or concealment was shown.

**Highways:** CONTRIBUTORY NEGLIGENCE. One was not guilty of contributory negligence precluding recovery for injuries sustained by falling into an unguarded and unlighted excavation in the street extending to the sidewalk, in attempting to pass over the walk at night, as he has a right to assume that the city has done its duty.

**Requested Instructions.** Appellant cannot complain of an instruction which was good as far as it went, since if he desired further or more explicit ones he should have asked them.

SAME. It is not error for the court in charging on the question of negligence of a city with reference to an excavation near the sidewalk, to omit any reference to an electric light referred to in the evidence, in the absence of a request covering that point.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, FEBRUARY 3, 1899.

ACTION at law to recover damages for injuries sustained by plaintiff resulting from a fall into an excavation in one of the streets in defendant city. Trial to a jury, and verdict for plaintiff for four thousand five hundred dollars, which was reduced by the court to the sum of three thousand dollars, and defendant appeals.—*Affirmed.*

*H. C. Hemenway* and *O. B. Courtright* for appellant.

*Mullan & Pickett* for appellee.

DEEMER, J.—At the time of the happening of the accident in question, plaintiff was a resident of the town of Nashua. He had gone to the city of Cedar Falls on business connected with one of the mills located at that place, and on the twenty-fifth day of April, 1892, at about 9 o'clock P. M., while returning from the mill to his hotel, fell into an excavation which had been dug in the street in front of a brick

building which was then being constructed, and received the injuries of which he complains. The building was being erected by the firm of Clay & Olbrich, of which firm H. E. Olbrich, a member of the council of defendant city and chairman of the committee on streets and alleys, was a member. The excavation into which plaintiff fell extended into the street from three and a half to four feet, was from three to five feet deep, and from four to five feet in length. It was dug as an area for a basement window in the new building. Olbrich had ordered it dug, and the workman engaged for the business commenced his work at about ten o'clock of the day on which plaintiff was injured, completing his task at about 6 o'clock. The sidewalk extended up to the edge of the excavation, and the hole was left unguarded and without barricades or warning lights. The night of the twenty-fifth was dark, and plaintiff had no knowledge of the area way left in the street. While passing along on the way to his hotel, he fell and received his injuries. As soon as he was able he returned to the mill from whence he started, sat down in a chair, and made the remark which will hereinafter be referred to. His claim now is that he was seriously and permanently injured by the fall, and that the city is liable because of its failure to barricade or guard the excavation.

I. One of the questions in the case was, of course, the defendant's knowledge or notice of the defect in the street. As Olbrich directed the work to be done, and knew what its character would be when completed, he certainly had both knowledge and notice of the excavation; and, ordinarily, his knowledge would be the knowledge of the city, because of his relation to it. *Carter v. Town of Monticello,* 68 Iowa, 178; *Owen v. City of Fort Dodge,* 98 Iowa, 281; *Trapnell v. City of Red Oak Junction,* 76 Iowa, 744. But it is contended that, as Olbrich had no authority from the city to make the excavation, it was to his interest not to convey the knowledge he possessed to the city, and that

the presumption of knowledge on the part of the city does not obtain.   There are certain cases where notice to an agent will not be imputed to his principal, as where the agent has forgotten, or may have forgotten, during the agency; where he cannot tell his principal because of professional confidence; or where his interests are so adverse to those of his principal that it is certain he will conceal the information.   The case of *Hummel v. Bank,* 75 Iowa, 689, illustrates one of these exceptions.   It is there said: "The notice to the principal of such facts as were known to the agent, and even present in his mind, at the time of the transaction, but the knowledge of which was not acquired in the business of the agency, is constructive.   Ordinarily, the circumstances are such as to beget a presumption that the communication was in fact made.   But when they are of such character that, according to all human experience and observation, the probability is just the reverse, it would be absurd to indulge that presumption."   In the case before us, Olbrich and the city were equally interested in having the excavation so guarded as that injury would not result; for each was responsible for all damage that might result, and there is every reason to suppose that an agent so interested would convey his knowledge to his principal.   But it is argued that, as Clay & Olbrich had no permission to make the excavation, they became trespassers, and that it was to Olbrich's interest to keep from the city notice of the fact that he had dug the area for his window.   It does not appear from the evidence that defendant required building permits or licenses to be issued to those who would build up to the street lines, and, in the absence of such requirements, builders had the right to temporarily use a reasonable portion of the street for building material and in excavating for foundations and cellars.   *O'Linda v. Lothrop,* 21 Pick. 297; *Clark v. Fry,* 72 Am. Dec. 590.   Areas for light, and basement windows and descents, are necessary, in order to carry on business in a city, and, if such excavations are properly guarded or covered,

after completion, they do not, in themselves, constitute a
nuisance. 2 Dillon Municipal Corporations (4th ed.), sec-
tion 656b. It may be that, as the city has full control over its
streets (Code 1873, section 561), it may and should specify
the conditions under which such excavations may be made;
and it is likely true that, if one makes an excavation in a
street without permission, he is liable for all damages done.
*Davis v. City of Clinton,* 50 Iowa, 585. But in this case it
appears that the city knew that Clay & Olbrich were occupy-
ing the street, and making excavations for their building, and
they entered no protest against it. There is no evidence what-
ever that either Clay or Olbrich was attempting to gain any
advantage of, or to perpetrate any fraud upon, the city; and
there is no reason for supposing that concealment of the fact
that they were making the excavation would have been to
their advantage. Such a hole in the surface of the street
would be apparent to the most casual observer, and there
could have been no thought of concealment in the mind of
Olbrich when he ordered the work done. None of the excep-
tions to the general rule that notice to the agent is notice to
the principal obtain, and the trial court correctly instructed
that notice to Olbrich was notice to the city.

II.    Appellant insists that plaintiff was guilty of such
negligence contributory to his injury as that he ought not to
recover, and it says in argument that plaintiff had no right
to go where it was so dark he could not see what he
was doing; citing *Perry v. City of Cedar Falls,* 87
Iowa, 315. The instruction given in that case which
contains the language relied upon by appellant was not
approved, and it is so opposed to the tenor of authority that
we do not think it ever will be. The rule is well settled that
a person has the right to rely upon the assumption that the
city has done its duty, and that it is not negligence for one
to pass over a sidewalk at night. He is not bound to carry a
light with him to see that there are no pitfalls in the walks
he contemplates using. Streets and sidewalks are designed

for use at all hours of the day or night, and it is not negligence for one to venture out after dark. *Improvement Co. v. Loehr,* 124 Ind. Sup. 79 (24 N. E. Rep. 579); *Barnes v. Town of Marcus,* 96 Iowa, 682; *Robinson v. City of Cedar Rapids,* 100 Iowa, 664; *Moore v. City of Burlington,* 49 Iowa, 136; *Ross v. City of Davenport,* 66 Iowa, 551.

III. The instructions with reference to the negligence of the city are complained of because they did not refer to an electric light which was within a block and a half of the scene of the accident. It is doubtful, to say the least, whether this light was burning at the time plaintiff received his fall; but, be that as it may, it was not error to omit to refer to it in the instructions. The negligence charged was failure to erect or place any barrier, sign, or signal at the scene of the accident, to notify the public of its dangerous condition. The court fully instructed as to this claim, and it was not error, in the absence of proper request, to omit references to the electric light. The jury had the right, under the instructions given, to consider the presence or absence of the street light.

IV. Evidence was offered tending to show that plaintiff did not observe the directions of his physician called after he received his injuries, and the defendant asked an instruction to the effect that plaintiff could not recover for any damages accruing after his failure to comply with these directions. This instruction was refused, but the court instructed that such fact, if proven, was proper to be considered, and that no damages should be allowed plaintiff for any impairment of health or physical condition occasioned by his neglect to observe such directions. The instruction given announced the correct doctrine, and the one asked was properly refused. Beach Contributory Negligence, section 59; *City of Goshen v. England,* 49 Ind. Sup. 368 (21 N. E. Rep. 977); *Stebbins v. Railroad Co.* 54 Vt. 464. The pivotal point in determining whether there is contributory negligence is not whether plaintiff contributed to the amount

of the injury, but to the occurrence. If to the amount, then his negligence is treated as aggravating the damage, not as causing it.

V. The mortality tables were offered in evidence, and it is claimed that the court below erred in saying to the jury that such tables were of importance in enabling them to determine the amount of plaintiff's damages, provided they found he was permanently injured. We have frequently held that such evidence is admissible in cases where the injured party is permanently disabled. *Knapp v. Railway Co.*, 71 Iowa, 41; *Chase v. Railway Co.*, 76 Iowa, 675; *Allen v. Railway Co.*, 106 Iowa, 602. The very purpose of such evidence is to enable the jury to arrive at the amount of damages to be awarded. There is little, if any, evidence tending to show that plaintiff was not able-bodied, sound in health, and physically strong before he met with his fall. And there was evidence tending to show that his injuries were permanent. From this view point, it is clear that there was no error in the instruction given. If defendant desired further instructions as to plaintiff's ability to earn full wages during the whole of his expectancy of life, it was its duty to ask them in proper form. Moreover, the court instructed that plaintiff could not recover any damages caused or contributed to by plaintiff's previous injuries.

VI. Further, it is said that the instructions relating to the measure of damage were incorrect and misleading. We need not set them out in *extenso*. It is sufficient to say that the court said, in effect, that plaintiff was entitled to compensation for injury to his person, and the pain and suffering caused thereby, past, present, and future, provided the evidence showed a probability of such future suffering; and also for the expense incurred by medical attention; and that there was no rule for the measure of such damages, but that the amount was left to the best judgment of the jury. Then follows this extract: "As before stated, you will allow for his pain, suffering, and expense of medical treatment, and

any injury. This may be temporary or permanent, as you may find, arising from that injury alone, if any; keeping in mind that, if you are satisfied from the evidence that any part of his present physical condition comes from a prior injury, or from lack of following the treatment ordered by his physician, or from any other disease not resulting from this injury, this you must exclude from the estimate." If there was any error in these instructions, it was favorable to appellant, as they did not cover some things which plaintiff was entitled to have considered. In any event, the instructions were good as far as they went, and, if defendant desired further or more explicit ones, it should have asked them. *Railroad Co. v. Hedge,* 44 Neb. 448 (62 N. W. Rep. 887); *Railroad Co. v. Burgess,* 114 Ala. 587 (22 South. Rep. 169); *Railroad Co. v. Freeman,* 83 Ga. 583 (10 S. E. Rep. 277).

VII. When plaintiff came back to the mill, which was immediately after his fall, he dropped into a chair, and was sitting there, when one Lemmers, an employe at the mill, discovered him. His hat and coat were covered with dirt, and he had a frightened appearance. Lemmers asked what was the matter, and plaintiff thereupon responded that he had fallen into an excavation and was hurt. Plaintiff, on his examination, was also permitted to testify that, within three minutes from the time the accident occurred, he told Lemmers and a man by the name of Hanson about what had occurred. All this evidence was objected to, but the objections were overruled. It may be that plaintiff's evidence as to his having told these persons about his having been hurt was irrelevant and immaterial, but, if so, it was without prejudice, for he did no more than say that he told them. Evidence as to what he said to them was not given by plaintiff. The testimony of Lemmers, if admissible at all, was proper, as part of the *res gestae.* Appellant claims that what plaintiff said was a narrative or statement made after the main transaction was ended, and was therefore inadmissible. It is often difficult to determine

when a statement or declaration is a part of the *res gestae*. The rule we have heretofore announced is that, if they are near enough in point of time with the principal transaction to clearly appear to be spontaneous and unpremeditated, and free from sinister motives, and afford a reliable explanation of the principal transaction, they are admissible in evidence. *State v. Jones,* 64 Iowa, 349; *McMurrin v. Rigby,* 80 Iowa, 322; *State v. Driscoll,* 72 Iowa, 583; *Frink v. Coe,* 4 G. Greene, 555. See, also, *Insurance Co. v. Mosley,* 8 Wall. 397; *Keyser v. Railway Co.* 66 Mich. 390 (33 N. W. Rep. 867). We think the declaration made by plaintiff was so connected in point of time and with the main transaction, and came so spontaneously, that it was admissible as part of the *res gestae*. The evidence was clearly competent, as explanatory of plaintiff's appearance, as there was no time for him to have invented a false statement. Plaintiff was also permitted to testify, over defendant's objections, that he was compelled to sell out his business because his physical condition was such that he was not able to conduct it. The mere fact that he sold his business was probably immaterial to any inquiry in the case. But the fact that he was unable to attend to his business by reason of his injuries was very material. The statement as to why he sold was but another way of saying that he was unable to carry on or conduct the business in which he was engaged before he received his injuries, and we think it was proper. In any event, the error was without prejudice. *Wade v. Leroy,* 20 How. 34; *Kinney v. Crocker,* 18 Wis. 80; *Smay v. Etnire,* 99 Iowa, 149.

VIII. Complaint is made of the admission of the evidence of witnesses Smith and Laberee. Smith testified that he was one of the township trustees, and, over defendant's objection, said that he was called upon to furnish aid to plaintiff and his family, and at the time made an investigation as to plaintiff's ability to perform labor. He also testified, without objection, that he found plaintiff was unable to perform labor. Laberee testified that he was also one of the township trustees,

and, over defendant's objection, said that he made an investigation as to plaintiff's physical condition and ability to perform work, and that he found that his ability to perform manual labor was not very good. He further testified, over defendant's objection, that the township trustees furnished aid to plaintiff and his family after plaintiff received his injuries. After Laberee had given his testimony, defendant moved to strike out all of that part of it relating to his investigation made in his official capacity, and all that part upon which he based his knowledge of plaintiff's condition. This motion was sustained. Defendant also moved to strike out the witness' conclusion as to plaintiff being able to work, and all the evidence relating to his determination of plaintiff's capacity to work, which was used as a basis for furnishing aid, and the statement said to have been made to him by plaintiff that he (plaintiff) was unable to work. This motion was also sustained. The court further instructed the jury as follows: "You are further instructed that there has been stricken out of this case the evidence of one witness who testified concerning aid furnished the plaintiff by his township since the commencement of this case. You are instructed that you must exclude from your mind any and all impressions created by such testimony stricken out. But the testimony of one witness was received on that subject. You are instructed that it was received only as tending to show his inability to labor at the time it was so furnished. But you are instructed that you must consider it only for such purpose, and that you must not consider it for the purpose of showing the pecuniary condition of plaintiff, as you are instructed that that cannot be taken into consideration by you in estimating the damages to which the plaintiff is entitled, if any." It will be noticed that Smith did not testify that any aid was furnished to plaintiff. All he said was that he was called upon to furnish aid,—not that he did so,—and that he made an investigation as to the plaintiff's ability to perform labor. The result of that investigation, as detailed by the

witnesses, was not objected to. The instruction explicitly advises the jury that they are not to consider the evidence as to aid furnished the plaintiff by the township trustees, and the error, if any, in the admission of the testimony was cured. *State v. Postlewait,* 14 Iowa, 449; *Cook v. Robinson,* 42 Iowa, 476; *State v. Spurbeck,* 44 Iowa, 669; *Davis v. Danforth,* 65 Iowa, 601; *Redfield v. Redfield,* 75 Iowa, 436; *Shepard v. Railway Co.,* 77 Iowa, 56; *Gall v. Dickey,* 91 Iowa, 127; *State v. Helm,* 97 Iowa, 378. This answers all the objections made by appellant to the evidence of these witnesses.

IX. Plaintiff's wife was permitted to testify, over defendant's objection, that her husband, after he received his injuries, complained from time to time of having pains in his back. The admission of this evidence is complained of. There seems to be a conflict in the authorities regarding the admission of such evidence. See *Fay v. Harlan,* 128 Mass. 244; *Earl v. Tupper,* 45 Vt. 275; *Taylor v. Railway Co.,* 48 N. H. 309; *Railroad Co. v. Newell,* 104 Ind. 264 (3 N. E. Rep. 836); *State v. Gedicke,* 43 N. J. Law, 86; *Hyatt v. Adams,* 16 Mich. 180; and *Quaife v. Railway Co.,* 48 Wis. 513 (4 N. W. Rep. 658),—holding that such evidence is admissible; and *Railroad Co. v. Mara,* 26 Ohio St. 185, and *Roche v. Railroad Co.,* 105 N. Y. 296 (11 N. E. Rep. 630), apparently holding to the contrary. Our own cases are not as consistent as we might wish. In *Gray v. McLaughlin,* 26 Iowa, 279, we said: "The expressions of one suffering from bodily pain or illness, relative to his health, are admissible in evidence, being the natural consequences and usual indication of suffering and sickness,"—citing Greenleaf and Phillips on Evidence. In the case of *Ferguson v. Davis,* 57 Iowa, 601, a majority of the court held that evidence to the effect that the injured party complained of suffering in his back was inadmissible. No reference was made to the case in 26 Iowa, however, and there was a dissent from the conclusion of the majority. In *Winter v. Railway Co.,* 74 Iowa,

448, plaintiff was permitted to prove at the trial certain statements made by himself, to the effect that he suffered pain from the injury, and that, owing to his injuries, he was not able to perform certain kinds of work. The admission of this evidence was held to be error, this court saying: "Very clearly, a party is not entitled to introduce his own statements and declarations in proof of the very matter in issue when they are not themselves the subject of action." It does not very clearly appear whether the statements that he suffered pain related to his then condition or to a past state of mind. But it is apparent that his declarations that he was unable to work because of his injuries were inadmissible. What was said in the opinion clearly relates to these declarations, and not to complaints of present pain. Examination of the authorities cited in support of the rule show that this is the reason why the rulings of the trial court were held to be erroneous. The question again arose in *Blair v. Madison County,* 81 Iowa, 313, and we there said: "The witness was asked to state what complaints of pain or disease plaintiff made about a week after the accident. It is now insisted that, as plaintiff's complaints were no part of the *res gestae,* they were not admissible. They were not admitted on that ground, but for the reason that his complaints of pain or disease were competent to show the condition of his health, which was in issue, under his claim that he was severely and permanently injured. The statements or declarations of plaintiff were properly shown in evidence." Again, in *McDonald v. Franchere,* 102 Iowa, 496, we held, in effect, that such declarations are admissible. See, also, *Stone v. Moore,* 83 Iowa, 186; *Armstrong v. Town of Ackley,* 71 Iowa, 76, and *Aryman v. City of Marshalltown,* 90 Iowa, 350, all holding to the same doctrine. The weight of reason and authority supports the rule admitting such evidence, and the court, as now constituted, is of the opinion that the *Ferguson Case* is wrong, and should be overruled. Whenever the physical or mental condition of a person is in issue,

expressions or declarations of present existing pain, whether made at the time the injury was received or subsequently, are admissible in evidence. Such expressions and statements as to the locality of the malady or pain are exceptions to the general rule which excludes hearsay evidence, and they are admitted on the ground of necessity, as being the only means of determining whether pain or suffering is endured by another; and they are admissible, regardless of the person to whom made; and whether they are simulated or not is a question for the jury. Some other rulings in the admission of evidence are complained of. It is not important that we set them out; sufficient is it to say that the rulings were correct.

X.   Lastly, it is said that the verdict is excessive and contrary to the instructions of the court. The trial court reduced the verdict from four thousand five hundred to three thousand dollars. As so reduced, we do not think it was excessive. There is ample evidence to sustain the finding of the jury, and the verdict is in accord with the instructions given by the court. No prejudicial error appears, and the judgment is AFFIRMED.