LOUISA RUPP v. C. C. HOWARD, Appellant.

**Ordinances:** CONSTRUED: *Erecting scale in street.* Evidence of an ordinance authorizing defendant to ·maintain stockyards within the limits of a municipal corporation, but not on its streets, is immaterial, in an action for a personal injury resulting from the maintenance of scales in the street.

**Road Supervisors:** CANNOT AUTHORIZE ERECTION OF SCALE IN STREET. Evidence that the road supervisor authorized defendant to erect scales in the street is not admissible in an action for injuries received because of such scales, since the road supervisor had no authority to grant such right.

**Evidence:** DECLARATION OF PRESENT SUFFERING: *May be shown by attendant.* Persons other than plaintiff's attending physician may testify in an action for personal injuries as to declarations made after the injury by plaintiff, as to her present suffering.

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

THURSDAY, MAY 16, 1901.

THE defendant owned and operated a wagon scale which was set in a public .street of Waukon. It was surrounded by a board rack, fastened with hinges at the corners. The plaintiff was in her father's buggy, with her father and other members of the family; and when passing the scale in question, and while in said street, one end of the scale rack swung around against the team, and so frightened the horses that they ran away. The plaintiff was thrown from the buggy, and sustained injuries for which she seeks recovery in this action. Trial to a jury and verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*H. H. Stillwell* for appellant.

*Dayton & Dayton* for appellee.

SHERWIN, J.—The scale and rack in question had been in use for a long time before the accident complained of. Its location was familiar to the plaintiff and to her brother, who was driving the team at the time. There was another street which they might have traveled in reaching their destination; and it is contended by the defendant that it was contributory negligence to use the street on which the scale was situated. There is nothing in the record before us justifying the holding that there was contributory negligence as a matter of law. The condition of this and other streets at the time was before the jury, as were all the other facts and circumstances surrounding the transaction which might have caused the fright of the team, or which might have constituted negligence on the part of the plaintiff or her brother. As to all of these matters there was at least sufficient conflict to send the case to the jury. We have read the record with much care, and are fully convinced that the verdict is well supported by the evidence.

The plaintiff's father was permitted to testify, over the objections of the defendant, that she had complained of the pain and suffering caused by her injuries. It conclusively appears that these complaints were of present pain, and did not refer to the past. The defendant concedes that the testimony of the attending physician is competent along this line, but urges that no other person may so testify. We think it a well-settled rule that in cases of this kind such complaints may be shown by any one. Greenleaf, Evidence, section 102; *Kearney v. Farrell,* 28 Conn. 317 (73 Am. Dec. 677); *State v. Howard,* 32 Vt. 380; *Hatch v. Fuller,* 131 Mass. 574; *Gray v. McLaughlin,* 26 Iowa, 279; *Blair v. Madison County,* 81 Iowa, 313; *McDonald v. Franchere,* 102 Iowa, 496; *Aryman v. City of Marshalltown,* 90 Iowa, 350; *Keyes v. City of Cedar Falls,* 107 Iowa, 509.

Defendant offered to prove that when the scale was placed in the street, in 1878, he had the consent of the road

supervisor, and, further, that in 1885, an ordinance was passed by the city council of Waukon authorizing him to maintain a 'stock yard within the corporation, but not in the street, and that when he applied for permission to maintain such yard, and when the ordinance was passed, it was also understood and agreed that he could continue his scale in the street. This evidence was all rejected, and we think rightly so. In the first place, a road supervisor could grant no right of the kind. The ordinance and resolutions offered did not refer to the scale, and there is nothing in the record offered tending to show any license or grant; nor was any issue tendered by the defendant which would make such evidence competent, under any view of the case.

The instructions criticised announce correct rules of law, and, when read in connection with the whole charge, are not misleading. The judgment is AFFIRMED.