ANNA BUCE v. THE INCORPORATED TOWN OF ELDON, IOWA,
Appellant.

**Damages: DEFECTIVE SIDEWALK.** Under the evidence, a verdict
1 for $675.00 damages, for an injury received from a defective
sidewalk is held not to be excessive.

**Pain and Suffering: INSTRUCTION.** An instruction authorizing
2 recovery for future pain and suffering is proper where the
evidence shows that plaintiff suffered severe pain from the
time of the injury until the trial and had not then fully
recovered, even though the same was caused by a physical
condition not specifically pleaded, when it appears that such
condition might have resulted from the accident.

**Pain and Suffering: EVIDENCE OF COMPLAINT.** In a personal in-
3 jury action evidence of plaintiff's complaints of pain and
suffering is admissible.

*Appeal from Wapello District Court.*—HON. F. W. EICH-
ELBERGER, Judge.

TUESDAY, JANUARY 12, 1904.

ACTION to recover for personal injuries caused by a
defective sidewalk. There was a judgment for the plain-
tiff, and the defendant appeals.—*Affirmed.*

*E. K. Daugherty* for appellant.

*Fullen & Ayres* and *Jaques & Jaques* for appellee.

SHERWIN, J.—The jury gave the plaintiff $675, and
the appellant contends that the amount is excessive. We
do not think so. The plaintiff was certainly seriously in-
jured and confined to her bed for two weeks thereafter,
a part of which time she was under the care of a physician.
Before receiving the injury, she was a strong, healthy

woman, entirely free from the aches and pains which afterwards afflicted her and which continued from the time of the injury up to the trial, a period of a year. Her disability was also such that she was unable to perform many of the usual household duties which she had theretofore attended to.

An instruction was given authorizing a recovery for future pain and suffering, and this is complained of. The evidence tended, at least, to show that the plaintiff had suffered severe pain right up to the time of the trial, and that she had not then fully recovered from the injury. Under such circumstances, the instruction was clearly correct, and there was evidence supporting it. The fact that the pain may have been caused by a physical condition which was not specifically pleaded would not change this result, because such physical condition was shown without objection to have been the possible result of the fall on the defendant's walk. It is a familar rule that, if a case is mutually tried on a theory unsupported by the pleadings, objection cannot thereafter be heard.

The hypothetical question to Dr. Box was a fair summary of the facts which the plaintiff's evidence tended to prove, and it was not necessary to embody more therein; hence there was no error in overruling the defendant's objection thereto. *Bever v. Spangler*, 93 Iowa, 576; *Kirsher v. Kirsher*, 120 Iowa, 337.

Several witnesses were permitted to testify to the plaintiff's complaints of present pain and suffering, extending up to the time of the trial. There was no error in this ruling. Complaints of present pain and suffering are competent. Their weight is for the jury, *Keyes v. Cedar Falls*, 107 Iowa, 509; *Rupp v. Howard*, 114 Iowa, 65.

We find no error, and the judgment is AFFIRMED.