E. E. ROTHROCK, Administrator of the estate of Mary Koller, Deceased, Appellant, v. THE CITY OF CEDAR RAPIDS.

**Defective sidewalk:** EVIDENCE: RES GESTAE. The declarations of
1 one injured, the result of a fall on a defective sidewalk, as to the manner of the fall and the place at which the injury was sustained, which were made within thirty minutes after its occurrence and while suffering therefrom, are admissible as res gestae.

**Evidence:** WHEN A CONCLUSION IS ADMISSIBLE. A witness may
2 state his conclusion where the matter to which he refers can not be readily reproduced or described to the jury as it appeared at the time.

**Trial:** FUNCTION OF THE JURY. Even though there is no conflict
3 in the evidence yet the conclusion to be drawn therefrom is for the jury, provided reasonable persons might honestly differ as to the proper conclusion, and the facts established tended to support the conclusion sought to be drawn.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

WEDNESDAY, MAY 10, 1905.

ACTION by the administrator to recover damages for injuries alleged to have been received by intestate by reason of a defective alley crossing in the sidewalk of defendant city, which injuries resulted in death. At the close of plaintiff's evidence, on motion, a verdict was directed for defendant. Plaintiff appeals.— *Reversed.*

*Crosby & Fordyce,* for appellant.

*John N. Hughes,* for appellee.

McCLAIN, J.— At the time of receiving the injury for which recovery is sought in this action, deceased resided with her daughter, and, after three hours' absence, returned to her daughter's home in a dazed condition, suffering from a fracture of the back part of the skull, from which injury she died within a few hours. In a deposition offered in behalf of plaintiff, a witness narrated a statement as to her injuries which was made by deceased immediately after entering her daughter's house with snow clinging to her garments, a package of candy crushed in her right hand, and suffering from the injury of which she soon after died; and plaintiff also offered to prove the same declaration by the testimony of the daughter as a witness. But the answers in the deposition relating to this declaration were stricken out on defendant's motion, and the daughter was not permitted to testify with reference thereto. The offer made by plaintiff was to prove that the deceased made a declaration substantially in the following words, which corresponds with the declaration testified to by the witness by the answers in the deposition which were stricken out: " I fell and hurt my head terribly out here by the alley just as I came across in the alley that way; that is, on the crossing." It appears from the testimony of another witness that deceased left a neighbor's house about seven blocks away, to return to her daughter's home, within thirty minutes before the statement was made, and that deceased was then in sound health and physical condition. Evidence was also offered for plaintiff, and rejected, which would have tended to show, if admitted, that on the alley crossing in that same block in which the daughter of deceased resided, and over which deceased would in the ordinary course have passed in going from the neighbor's house, where she was last previously seen, to her daughter's home, there was a place where the fresh snow had been disturbed as though a woman had fallen there,

and beside it were some pieces of candy of the same kind as that contained in the bag which deceased held crushed in her hand when she arrived at her daughter's house. There was also evidence that the alley crossing was in defective condition by reason of a slope which would be dangerous when covered with fresh snow, and that the place on the crossing where, as it appeared, some person had fallen, was so situated with reference to this slope as that a person going along the sidewalk towards the home of the daughter of deceased from the place where deceased was last seen before she appeared at her daughter's home in the injured condition, slipping down on the slope, would have fallen about where the snow was thus disturbed. This was all the evidence introduced or offered, and the substantial errors relied on by appellant are the exclusion of evidence as to declarations of deceased, the exclusion of evidence that the place in the snow indicated that a woman had fallen there, and the holding of the trial judge that there was no evidence which would support a verdict for the plaintiff.

In our opinion, the declarations of deceased, made within a half hour after she received the injury from which she was suffering at the time the declarations were made, might be proven, as a part of the res gestæ of the injury from which deceased was suffering, as explanatory of her then condition, and connecting such condition with the injury which had caused it. The declarations were made so soon after and under such circumstances that they clearly appeared to be spontaneous and unpremeditated. While it is difficult to state any precise rule in accordance with which the admissibility of such declarations can be definitely determined for all cases, our conclusion in this case is amply supported by the following authorities: *Keyes v. Cedar Falls,* 107 Iowa, 509; *Travellers' Ins. Co. v. Mosley,* 8 Wall. 397 (19 L. Ed. 437); *Murray v. Boston & Maine R. Co.,* (N. H.) 54 Atl. 289, 61 L. R. A. 497; *Augusta Factory v. Barnes,* 72 Ga. 217

1. EVIDENCE: res gestae.

(53 Am. Rep. 838); *Lewis v. State,* 29 Tex. App. 201 (15 S. W. 642, 25 Am. St. Rep. 720). The conclusion reached in *Armil v. C., B. & Q. R. Co.,* 70 Iowa, 130, does not seem to be consistent with our conclusion. But in that case there was a dissent, and we think that in the later decisions of this court the rule of that case has not been followed. It is not necessary to collate our cases on the subject, for that has been done in *Keyes v. Cedar Falls, supra,* and *Alsever v. M. & St. L. R. Co.,* 115 Iowa, 341. The court should have admitted evidence as to the declarations of the deceased as tending to explain her condition and the cause of it.

A witness who was called to testify as to the place in the snow on the alley crossing said: "There was a place, possibly three feet square, where the light, recently fallen snow had been kind of pushed down each way, pushed in different directions, and in places swept clear with something; it was bright moonlight; that was right near the curb line. . . . That mark was in the neighborhood of three to three and a half feet square. The easterly side of the mark was near the ridge of dirt thrown over the curb. That ridge of dirt was 14 to 16 inches or more higher than the level of the alley, and slanted off into the alley — slanted into the alley possibly about three feet from the curb line." Another witness testified that there were tracks away from this place, in the snow, leading along the crossing and sidewalk to the west. Another witness testified that on the alley crossing above referred to he noticed marks or evidences of struggle right on the little hill where they had piled the dirt, and where any one would want to step in order to get off the cement walk to make the crossing, and it was very slippery. And in answer to the question, "Did you notice anything about the snow?" he said: "Yes, sir; like as if some one had fallen there and left the prints of their body." This answer was stricken out, on defendant's motion, as a conclusion and

2. EVIDENCE: when a conclusion is admissible.

opinion. This ruling of the court was, as we think, manifestly erroneous. The appearance to which witness referred was one difficult to describe to the jury so as to convey to the mind the inference of precisely what was indicated, and it has been held to be competent for a witness to testify to his conclusion when the matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time. *Craig v. Wabash R. Co.*, 121 Iowa, 471; *Yahn v. Ottumwa*, 60 Iowa, 429; *Scagel v. C. M. & St. P. R. Co.*, 83 Iowa, 380. "It must almost always be impossible for a witness to reproduce in words absolutely all the detailed data which enter into his estimate, and there can be no danger in receiving such an estimate from a competent witness." 3 Wigmore, Evidence, section.1976, and cases collected in the note.

The errors above noticed would require a reversal without considering the question whether the evidence admitted was sufficient to support a verdict, unless we should find that, taking into account the entire effect which 3. TRIAL: function of jury. the jury might properly have given to the evidence excluded, we should reach the conclusion that, even had the offered evidence been received, there would still have been nothing to support a verdict for plaintiff in the event of a new trial; for it is now argued that there was nothing except a presumption upon a presumption which tended to connect the injury causing the death of decedent with the dangerous condition of the alley crossing, which, in view of the evidence already set out, and other evidence which we have not detailed, the jury might have found to constitute negligence on the part of the city. Had the excluded evidence been admitted, the jury would have had for consideration the following: First, intestate's declaration that the injury was received at an alley crossing; second, evidence that on the alley crossing in the sidewalk along which deceased naturally would have passed in returning to her daughter's home from the place where she was last seen,

going from east to west, there were marks in the snow indicating the fall of some person, the indication that deceased did pass over that crossing being furnished by the pieces of candy of the same kind as those which she held in her hand when she reached her daughter's home; third, evidence of a dangerous approach to the alley from the sidewalk, on which, by reason of the freshly fallen snow, a person would be in danger of falling, and so situated with reference to the place where the condition of the snow indicated that some one had fallen that one slipping on the dangerous place would be likely to fall about where the snow was thus disturbed. It is often difficult to determine, as matter of fact, the relations of different items of evidence to each other, when their connection is an essential consideration in arriving at a conclusion as to what has actually happened, and when there is no direct evidence as to such relation; but if the facts established tend to support the conclusion which is sought to be drawn from them, the question should be left to the jury. It is not necessary to cite authorities to the effect that, even when there is no conflict in the evidence, it is not for the court to draw the conclusion, but that function must be relegated to the jury, provided reasonable persons might honestly differ as to the proper conclusion to be drawn from such facts. We think, therefore, that, if the evidence which was improperly excluded had been admitted, there would have been sufficient evidence to support the verdict of a jury for the plaintiff.

The judgment of the trial court is *reversed*.