JOHN SCHACHERL *vs.* ST. PAUL CITY RAILWAY COMPANY.

November 18, 1889.

**Negligence—Alighting from Moving Street-Car.**—It is not negligence *per se* for a person to get on or off a street-car, drawn by horses, while it is in motion. It depends upon the circumstances surrounding each case, and the question is ordinarily one of fact, to be submitted to the jury.

**Newly-Discovered Evidence.**—In this case the trial court did not err in refusing a new trial upon the ground of newly-discovered evidence.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial after a verdict of $750 for plaintiff.

*H. J. Horn,* for appellant.

*Marvin & De Celle,* for respondent.

COLLINS, J. There is no claim in this case that the testimony was not sufficient to justify the jury in declaring that defendant was negligent in its management of a street-car at the time the plaintiff received the injuries complained of, and while he was a passenger. But the appellant contends that this same testimony shows that the plaintiff was guilty of contributory negligence in attempting to alight from the car while it was in motion. It is well settled that it is not negligence *per se* for a person to get on or off a street-car drawn by horses while it is in motion. It depends upon the circumstances surrounding each case, and the question is ordinarily one of fact, to be submitted to the jury. *McDonough* v. *Metropolitan R. Co.,* 137 Mass. 210; *Conner* v. *Citizens' Street Ry. Co.,* 105 Ind. 62, (4 N. E. Rep. 441;) *Eppendorf* v. *Brooklyn City & Newton R. Co.,* 69 N. Y. 195. The conditions attending such an act might, from the undisputed

testimony, appear so unfavorable as to warrant a court in holding, as a matter of law, that recklessness and negligence were apparent in the attempt. But such was not the case at bar, and on this point the trial court did not err. Nor was there error in its refusal to grant a new trial upon the ground of newly-discovered evidence. The force of the affidavit first made by the proposed witness, Brunson, used by defendant upon its motion, was greatly destroyed by his second affidavit, procured and used in rebuttal by plaintiff. The evidence remaining in the affidavit after its modification was either cumulative, —that is, additional evidence to support the same point and of the same character,—or immaterial, or tending merely to impeach and discredit plaintiff and the witness Preining. Nor was it likely to change the result.

Order affirmed.