## HENRY WERBOWLSKY v. THE FORT WAYNE & ELMWOOD RAILWAY COMPANY.

*Negligence—Street-car companies—Injury to passenger.*

1. A passenger who voluntarily jumps on or from off a moving street-car does so at his own peril, and that construction of the car cannot be said to be defective which is only unsafe in view of such conduct.

2. It is the duty of street-car companies to allow their patrons an opportunity to get on and off the cars, and the starting of the car while the passenger is so doing is clearly negligent;[1] but such act does not make defective a construction of the car which, under other circumstances, is reasonably safe.

3. Negligence will not be presumed from the bare fact of the accident. There must have existed before its occurrence some suggestion of danger in order to make the defendant liable as for negligence.

4. The use of appliances which are in universal and common use for the same purpose cannot be said to be negligence.

5. In this case it is held that the court erred in submitting to the jury, under the evidence, the question of defendant's negligence in adopting the style of car in question, and in having the apertures therein, described in the opinion, into one of which the plaintiff claimed his foot was forced by the sudden movement of the car before he had an opportunity to alight, whereby he was thrown from the car, and dragged some distance before he could extricate his foot.

Error to Wayne. (Hosmer, J.) Argued May 8, 1891. Decided June 5, 1891.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Orla B. Taylor* and *Edwin F. Conely,* for appellant.

*Washington I. Robinson,* for plaintiff.

[1] See *Finn v. Railway Co.,* 86 Mich. 74.

[The / points of counsel are fully covered by the opinion.—Reporter.]

McGRATH, J.   This is an action on the case to recover damages for injuries which plaintiff claims to have suffered while a passenger on one of the defendant's street-cars, through the defendant's negligence.   Plaintiff recovered in the court below, and the defendant appeals.

Plaintiff was a passenger on one of defendant's cars, and claims that, having signaled the conductor to stop the car, and after the car had stopped, the plaintiff undertook to alight, when the car started suddenly, and threw him to the ground; that in falling his foot caught in a hole in the step, and he was dragged some distance. Defendant denies this story, and insists that plaintiff undertook to get off when the car was in motion.

The car was an open car, with seats running cross-wise of the car, and with a foot-board about eight or ten inches wide.   The foot-board is about six or eight inches below the floor of the car.   On the inside edge of this foot-board is a shoe, or riser, about three or four inches high.   The box or bed of the car rests upon the outer ends of the axles, upon heavy spiral springs, which are about six inches in length, the upper ends of which are attached to the car, and the lower ends are affixed to castings, into which the axles run.   The shape of the upper surface of these castings is as follows: $a \frown a$   The springs occupy positions marked "a, a."   On each side of the car there are two openings in the riser, opposite the wheels.   The face of the risers is flush with the outside edge of the car-bed, and the springs come out flush with the face of the risers.   The face of the wheels is six or eight inches from the inside edge of the step or foot-board.   There are, therefore, two openings in the riser, between the springs, on each side of the car, which

are each about twelve inches long and about six or eight inches deep between the car-bed and the lower surface of the castings. The foot-board is generally about even with the lower surface of the castings. It would be almost impossible for a passenger in entering or alighting from a car to put his foot into this opening in such a way as to injure it, or admit of its being caught, although it may be possible that one falling from the foot-board might get his foot caught therein. There was no testimony offered upon the trial tending to show that these openings are unnecessary, or improper, or dangerous, or defective, or not properly guarded, or that the cars were not reasonably safe, or that the defendant had not used reasonable caution in adopting the style of car that it had adopted, but there was testimony that similar cars with similar openings were in general use.

The jury were permitted to view the car in question, and the court instructed the jury as follows:

"If you think, gentlemen of the jury, that it was negligence, having seen the car in question, to leave the aperture there, why then, gentlemen of the jury, under those circumstances the plaintiff would be entitled to recover.   *   *   *   It [the defendant] must use cars which are reasonably safe; and the question for your consideration on this branch of the case is whether the defendant used reasonable caution in adopting the style of car that it did adopt."

If the plaintiff undertook to alight when the car was in motion, the existence of this aperture, and the fact that he got his foot caught therein, would not aid his recovery. The proximate cause of the injury in that case would be his own negligence. If the car started before giving plaintiff time to alight, the company was liable for the consequences of that act, although the car was properly constructed, and the existence of the aperture actually necessary.

Negligence will not be presumed from the bare fact of the accident. There must have existed before its occurrence some suggestion of danger in order to make defendant liable as for negligence. The use of appliances which are in universal and common use for the same purpose cannot be said to be negligence. Nor can it be said that a mode of construction is defective, or not reasonably safe, when the unsafety is dependent upon conditions which are the result of negligent conduct either of passengers or company.

It was not claimed by plaintiff that his fall was occasioned by getting his foot into this aperture, but that the sudden movement of the car before he had opportunity to alight threw him, and forced his foot into the aperture, and wedged it in so that it caught, and he was dragged some distance. A passenger who voluntarily jumps on or off from a car while it is in motion does so at his own peril, and that construction cannot be said to be defective which is only unsafe in view of such conduct. On the other hand, street-car companies owe it to their patrons to allow them an opportunity to get on and off, and the starting of the car while either is being done is clearly negligent; but such act does not make defective a construction which, under other circumstances, is reasonably safe. In other words, conveyances are constructed with reference to their prudent and careful management and use.

The court erred in submitting to the jury, under the evidence in the case, the question of defendant's negligence in adopting the style of car in question, and in having the apertures therein.

Judgment is reversed, and a new trial granted, with costs of this Court to defendant.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.