E. J. ROOT v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**Negligence of Street Car Conductor: REVIEW OF VERDICT:** *Evidence.* Plaintiff who was injured while getting off of defendant's street cars, on which she was a passenger, testified that, before reaching the crossing where she wished to get off, she nodded to the conductor, which was the usual signal to stop, and that he commenced to stop the car, and she went to the platform, but that the car was going too fast to get off, but the speed gradually decreased after the crossing had been passed till it seemed as if the car had stopped, when, while stepping to the ground the car started with a jerk, and she was injured. The conductor testified that he did not see the plaintiff nod, and did not commence to decrease the speed of the car till it had passed the crossing, and then only to keep from frightening a horse, and that the speed was not reduced to less than three miles an hour, and was increased without a jerk after it had passed the horse. A third person corroborated the conductor

| | |
|---|---|
| 113 | 675 |
| e118 | 138 |
| 118 | 139 |
| 113 | 675 |
| s122 | 470 |
| 113 | 675 |
| 124 | 261 |
| 113 | 675 |
| 128 | 283 |
| 113 | 675 |
| 129 | 326 |
| 113 | 675 |
| 139 | 191 |
| 139 | 192 |
| 141 | 120 |

as to the speed of the car, but he made contradictory state-
ments out of court, and he also testified that the plaintiff
alighted before the speed was increased. The plaintiff knew
that the cars only stopped at crossings. *Held,* sufficient evi-
dence of negligence to sustain a judgment for plaintiff.

PROXIMATE INJURY. Where there is evidence, in an action for in-
juries received by a passenger in getting off of a street car,
that plaintiff had stepped from the car before the speed was
increased it is error to instruct that the injury was caused by
such increase of speed.

MEASURE OF DAMAGES: *Indefinite and vague instruction.* An in-
struction that a recovery may be had for inconvenience is too
vague and indefinite as a basis for damages against a street
railway company for injuries to a passenger resulting from its
negligence.

CONTRIBUTORY NEGLIGENCE: *Jury question.* Whether a passenger
injured by getting off a street car while in motion was guilty
of contributory negligence is a question for the jury.

*Evidence on.* Evidence that a passenger injured while getting off
a street car while in slow motion hesitated before starting to
get off and that she failed to hold to the railings of the car
is admissible in an action against the company on the issue of
plaintiff's contributory negligence.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

WEDNESDAY, OCTOBER 17, 1900.

ACTION for damages. Verdict and judgment for the
plaintiff, and the defendant appeals.—*Reversed.*

*Guernsey & Granger* for appellant.

*Carr & Parker* and *Read & Read* for appellee.

LADD, J.—The plaintiff was the only passenger on the
defendant's car moving westward on University avenue in
Des Moines, and desired to alight at its intersection with
Twenty-Seventh street. The motorman had left the car at

Twenty-Fourth street, and the conductor was in sole charge. At the alley just before reaching Twenty-Seventh street, she claims to have signalled the conductor, when looking back, by nodding the head, to let her off at the next street, and that he at once moved the levers, and the car began to slow up; that when it was crossing the street she went to the rear end, to be ready to get off on reaching the west side, but that it was going too fast for her to do so; that its speed gradually decreased until barely moving, when she descended to the lower step, hesitated a few seconds, and, as it kept "going several revolutions, about the same," then stepped to the ground. She testified: "It seemed as though the car stopped, so that I did not take hold of the handle of the car to steady myself;   *   *   *   and, after I had my foot on the ground, instead of stopping it started very suddenly," and she fell, and was seriously injured. This movement appears to have occurred just as her right foot struck the ground, and before her left foot was taken from the step. It may be added that the signal was one customarily recognized by those in charge of defendant's cars, that plaintiff knew the car ordinarily stopped for passengers only at crossings, and that she was unable to say whether the conductor observed her move to the rear end and get off. On the other hand, the conductor admits that he looked back, but denies that plaintiff gave any signal to stop; denies that he began to slow up until he approached the switch 20 feet west of the curb line of Twenty-Seventh street, when he reduced the speed of the car from the rate of five or six miles an hour; that when on the switch he observed a horse hitched 115 feet west of the same line, somewhat frightened, and threw the current of electricity off, and partially set the brake, and that when the car was one-third past the horse the brake was loosened and the current thrown on, but that there was no jerk or sudden movement. He estimates that the speed was not reduced to below three to four miles an hour. One Nelson was standing near by, and estimates the speed about the same, but admits stat-

ing to plaintiff's husband, out of court, that the car was barely moving. This witness also testified that the plaintiff had alighted before the speed of the car was increased, that this was gradual, and that it had moved about two feet after she was on the ground, and before the speed increased.

II. We have set out the evidence with particularity because of defendant's contention that it is insufficient to support the charge of negligence. In passing upon this, controverted every issue of fact must necessarily be resolved in favor of the verdict. No question is made but that the company, as a carrier of passengers, was bound to exercise the utmost diligence and foresight consistent with the character of its business, in order to avoid injury to the plaintiff. *Railway Co. v. McClellan*, 54 Neb., 672 (74 N. W. Rep., 1074, 69 Am. St. Rep., 736), and note. And it is quite as well established that, when a car stops to enable a passenger to alight, it is bound to wait a sufficient length of time to enable him to do so, and that it is negligence to start while he is attempting to get to the ground, or is in a position which would be rendered perilous by he motion of the car. *Railway Co. v. Smith*, 90 Ala. 60 (8 South. Rep., 86, 24 Am. St. Rep., 761); *Railroad Co. v. Cusick*, 60 Kan., 590 (57 Pac. Rep., 519, 72 Am. St. Rep., 374). But in the case at bar the car did not stop at the usual stopping place, where the signal required, and it may be that the conductor actually had no knowledge of the plaintiff's intention to get off the car where she did. But was he not charged, as a prudent man, with knowledge that, under the circumstances disclosed, she would attempt to get off and return to the street passed as soon as the car came so nearly to a standstill? That she might reasonably have supposed he was stopping at her request does not admit of doubt, though, as to whether she in fact did, was put in issue by her knowledge of the general rule of stopping at intersections only. Not what the conductor in fact knew, but that, in the exercise of a high degree of care, he was bound to anticipate, is the controlling inquiry. If, in the proper discharge of his duty, he should

have observed the effort of the plaintiff to leave the car, and failed to do so, and, because of his omission, started it suddenly, while she was stepping to the ground, and thereby occasioned the injury, then the company, through him, was negligent. Knowing, as he must be assumed to know, that she desired to alight at Twenty-Seventh street, and that the speed had been gradually decreasing before and after reaching it, the very natural inference was that after passing that street she would get off at the first opportunity. A man of ordinary prudence would have understood, under such circumstances, that continuing to slow the car until barely moving would be likely to be accepted by the passenger as an invitation to step to the ground. The company is not prohibited from letting passengers off elsewhere than at street intersections, and if it gives them reason to assume that such a stop is being made for that purpose, the measure of care exacted is the same as though at crossings. We conclude that the evidence was such that the jury may have found that the plaintiff reasonably assumed that the car was stopping for her to alight, and that the conductor ought to have anticipated her action in leaving it. While some expressions contained in the case relied on by appellant lend support to its contention, the decisions are not in point. Thus in *Dresslar v. Railroad Co.,* 19 Ind. App. 387 (47 N. E. Rep. 651), the signal was not given in time for a stop at the crossing, and the accident was occasioned by the vibration of the car. In *Sirk v. Railroad Co.,* 11 Ind. App. 680 (39 N. E. Rep. 421), a second signal was given, which might reasonably have been understood as a signal to move on. In *Railway Co. v. Mills,* 91 Ill. 39, it did not appear that the stop was at the usual place, or that any notice had been given. In *Outen v. Railway Co.,* 94 Ga. 662 (21 S. E. Rep. 710), the injured party knew that there would be no stop.

III. Whether the plaintiff was guilty of negligence in stepping from the car when moving was for the determination of the jury. That she hesitated about doing so, and failed to retain her grasp on the railing, were facts to be taken into consideration in connection with the low rate of speed at the time. That there are

decisions to the contrary, resting on peculiar circumstances, may be conceded. See *Reddington v. Traction Co.*, 132 .Pa. St. 154 (19 Atl. Rep. 28); *Werbowlsky v. Railway Co.* 86 Mich. 236 ( 48 N. W. Rep. 1097, 2 Am. St. Rep. 120); *Weber v. Railway Co.*, 100 Mo. 194 (12 S. W. Rep. 804, 13 S. W. Rep. 587, 7 L. R. A. 819, 18 Am. St. Rep. 541). But it seems to be settled by the great weight of authority that to alight from a slowly moving street car, as is safely done by thousands every day, is not negligence per se. *Schacherl v. Railway Co.*, 42 Minn. 42 (43 N. W. Rep. 837); *McDonough v. Railway Co.*, 137 Mass. 210; *Omaha St. Ry. Co. v. Craig*, 39 Neb. 601 (58 N. W. Rep. 209); *Brown v. Railway Co.*, 16 Wash. 465 (47 Pac. Rep. 890); *Walters v. Railroad Co.*, 95 Ga. 519 (20 S. E. Rep. 497); *Stager v. Railway Co.*, 119 Pa. St. 70 (12 Atl. Rep. 821).

IV. In the third paragraph. of the charge to the jury the court advised that "while the stopping of the car at Twenty-Seventh street might have prevented the injury to plaintiff, the failure to do so did not cause plaintiff's injuries, but, as before stated, it was caused by the accelerated forward movement of the car at the time." And the case was submitted on the theory that there was no controversy as to the cause of the injury. The conductor testified that there was no sudden movement or jerk of the car; and Nelson, that plaintiff had stepped from the car before its speed was increased. This evidence fairly put in issue whether increasing the speed of the car while she was attempting to alight caused her fall. The. defendant, in instructions refused, sought to have that issue submitted to the jury, and it was an error not to do so.

V. In view of what has been said, the criticism of other instructions requires no attention. We may suggest, however, that the "inconvenience" of an injured person is somewhat vague and indefinite, as a basis for damages in such a case, and that a more apt word be employed upon another trial.—REVERSED. .

GRANGER, .C.. J., not sitting..