OLIVE M. JOHNSTON v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

**Personal injury:** DECLARATIONS OF PRESENT PAIN : EVIDENCE. Declarations of present pain by a plaintiff in a personal injury action are admissible as tending to prove the existence of such pain; and an objection that the same are incompetent, irrelevant and immaterial does not comprehend an objection that the same were made as self-serving declarations.

**Admission of evidence:** HARMLESS ERROR. Error in striking evidence which is afterwards received more in detail is harmless.

**Same:** OPINION EVIDENCE. Where a witness had already stated that he did not think plaintiff as badly injured as she testified, refusal to permit him to further explain how she might unconsciously have testified falsely as to the extent of pain suffered from an injury was not erroneous; especially as the witness had not shown any knowledge on the subject inquired about.

**Appeal:** QUESTIONS NOT RAISED BELOW : REVIEW. Where the trial court's attention was not called to the failure of plaintiff, in a

personal injury action to establish his freedom from contributory negligence, except by a general statement that the verdict was contrary to the evidence, the subject will not be reviewed on appeal.

**Negligence:** INSTRUCTIONS. Where the court specifically told the jury what constituted negligence on the part of defendants, another general instruction to be read in connection therewith, that it was necessary for plaintiff to show that defendant was guilty of negligence causing the injury, did not authorize a finding of negligence regardless of the issues pleaded.

**Same.** Where the negligence charged was in failing to keep the steps of a street car free from snow and ice, and the failure of the conductor to assist plaintiff in alighting, an instruction that evidence of the dangerous condition of the steps would show a duty on the part of the conductor to render such assistance was proper.

**Instruction:** LIMITATION OF JURY TO EVIDENCE AND INSTRUCTIONS. A direction to the jury to arrive at its verdict solely from the evidence and instructions of the court is not objectionable as precluding consideration of the arguments of counsel.

**Carriers of passengers:** DEGREE OF CARE. A carrier of passengers is bound to exercise the highest degree of care reasonably consistent with the practicable conduct of its business.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES H. ROTHROCK, Judge.

TUESDAY, JANUARY 26, 1909.

ACTION to recover damages for personal injuries alleged to have been received by plaintiff as a passenger while alighting from defendant's street car, due to the negligence of defendant's employees. There was a verdict for plaintiff in the sum of $687.50, and from judgment thereon the defendant appeals.—*Affirmed.*

*William G. Clark* and *W. E. Steele,* for appellant.

*Rickel, Crocker & Tourtellot,* for appellee.

McCLAIN, J.—The evidence tended to show that plaintiff, a passenger on a street car operated by defendant, while attempting to alight therefrom, slipped on the steps, by reason of snow and ice accumulated there, and fell to the pavement, sustaining a concussion of the spine for which damages were allowed by the jury.

I.   Several witnesses called for plaintiff testified, over defendant's objection that the questions were incompetent and immaterial, that plaintiff complained at different times after her injury of pain in her back; and the refusal of the court to sustain the objections to the questions calling for this testimony is assigned as error. That statements of present pain may be shown as tending to prove the existence of such pain is too well settled in this State to be now subject to further argument. *Keyes v. Cedar Falls,* 107 Iowa, 509; *Rupp v. Howard,* 114 Iowa, 65; *Buce v. Eldon,* 122 Iowa, 92; *Patton v. Sanborn,* 133 Iowa, 650. Counsel for appellant insist that this general exception to the rule of evidence, which excludes proof of a party's declarations in his own favor, should be restricted to this extent at least, that such declarations made in contemplation of the institution of an action to recover damages, or after such action has been commenced, should not be admissible; but he raised no such question in the trial court. Some of the declarations to which witnesses testified were made soon after the injury, and before any suit was in contemplation, so far as appears from the record, and no distinction in defendant's objections was made between questions relating to these declarations and others calling for declarations and expressions of pain down to the time of trial. At no point in the record is it made to appear that counsel for defendant insisted upon the distinction which they now contend for. The trial judge was justified in assuming that counsel were insisting throughout on but one objection to this

*Marginal note:* 1. PERSONAL INJURY: declarations of present pain: evidence.

testimony, that it was incompetent, irrelevant and immaterial, for the reason that pain and suffering of plaintiff could not thus be shown. We are not to be understood as conceding that the distinction, if made, would have been well taken. No such limitation as that now urged for appellant is suggested in any of our cases on the subject, and we do not feel called upon, under the record presented by the present case, to go into an elaborate discussion of possible limitations on the rule. Under the present liberal application of rules of evidence, which leaves considerations not necessarily resulting in the . entire exclusion of any class of testimony to be applied in estimating its weight rather than its admissibility, the inclination seems to be not to exclude such declarations simply on the ground that they may have been made after the idea of instituting suit has occurred to the injured party. 3 Wigmore on Evidence, section 1721.

II. The answer of a witness for defendant that the tone of plaintiff's language immediately after the injury indicated to him that she was not hurt was stricken out, and this ruling is assigned as error; but the

2. ADMISSION OF
   EVIDENCE:
   harmless error.

witness immediately afterwards was allowed to make a more definite answer to the question, and the ruling was without prejudice.

An answer, given by a witness for defendant with reference to an examination of plaintiff, tending to show that she was not suffering from concussion of the spine, was stricken out by the court, and this ruling is relied on as constituting error; but, after the answer was thus stricken, the court allowed the question to be repeated, and the answer thereto was allowed to stand. As the question, was in fact answered, and, so far as the record shows, was answered as fully as the witness desired to answer it, and practically in conformity to the answer which was stricken, we find no prejudicial error in the ruling.

III. . The same witness was asked the following ques-

tion: "State whether it is a recognized fact, a psycological and professional fact, that suggestions arising from a demand for damages, in connection with consultations of one's lawyers and the prosecution of the suit, may unconsciously affect a patient that is entirely well, so that she may believe herself to be subject to pain or ailments—what is your knowledge on that subject?" And counsel assign as error the ruling of the court in sustaining an objection to this question as calling for mere speculation on the part of the witness. As the witness had already testified to his belief that plaintiff was not as badly injured as she pretended to be, it was hardly necessary to have the witness explain how she might unconsciously have made false statements as to her pain. However, as the witness had not testified as to any knowledge with reference to the psycological fact of the tendency of a lawsuit upon the state of a claimant's mind with reference to her ability to tell the truth, and as counsel did not state what he proposed to show in this respect by· the witness, we think there was no prejudicial error in refusing to allow the witness to answer. But the whole matter of inquiry related to the credibility and weight of the declarations as evidence, and was not to be determined by expert witnesses.

3. SAME: opinion evidence.

IV.   While it is said in argument that plaintiff was guilty of such contributory negligence on her part, in attempting to leave the car by way of the platform and steps which were covered with snow and ice, there is no assignment of error relating to the question of contributory negligence. The subject is not referred to in the motion for new trial, save in the general statement that the verdict is contrary to the evidence. As the court's attention was not therefore specifically called to any failure of plaintiff to establish her freedom from contributory negligence, it is not necessary that the assignment be further considered.

4. APPEAL: questions not raised below: review.

V.   The allegations of negligence were that defendant negligently and carelessly permitted snow and ice to accumulate upon the steps of the car in which plaintiff was transported as a passenger, and that the employees of the defendant failed and neglected to assist plaintiff in alighting from the car.   In stating the issues to the jury the court said that, to entitle her to recover, plaintiff must establish two ultimate facts:   First, that the employees of the defendant, or some of them, were guilty of negligence which caused the accident; and, second, that plaintiff herself was not guilty of any negligence in any manner contributing to the accident.   It is said by counsel that the jury was thus given a roving commission to find negligence on the part of the defendant, whether within the allegations of the petition or not.   But the court did, in subsequent instructions, specifically state what omissions on the part of defendant's employees would constitute negligence entitling plaintiff to recover, and appellant has no ground of complaint in this respect.   The instruction complained of was plainly a part of the statement of the general issue, and was to be read by the jury in connection with the other specific instructions in ascertaining what it was necessary for plaintiff to establish in order to entitle her to recover.   There is not the slightest suggestion in the record anywhere that any other negligence than that specifically charged in the petition was even hinted at in the testimony, and the jury · could not have been misled.

5. NEGLIGENCE: instructions.

VI.   An instruction in relation to the question whether it was the duty of defendant's conductor in charge of the car to assist plaintiff in alighting, in view of the dangerous condition of the steps, is complained of, but we are unable to see any ground of objection.   It is plain that the same facts which tended to show negligence in not having the car steps in a safe condition for plaintiff to alight might also show a

6. SAME.

duty on the part of the conductor aware of such dangerous condition to assist plaintiff in alighting; and, as we understand the instruction, this is what the court told the jury in apt terms. We can not see how there was any error in the instruction.

VII. The court instructed the jury to arrive at its verdict "solely upon the evidence that was introduced upon the trial, being governed by the instructions of the court," and to permit nothing else to influence or prejudice its action. The complaint made of this instruction is that it precludes the jury from giving any attention to arguments of counsel. It is certainly not open to this objection. Arguments of counsel should not urge upon the attention of the jury any facts not appearing in evidence, nor any rules of law not applicable thereto, and we fail to see how the instruction precludes the jury from giving due consideration to such legitimate arguments as counsel may have made. We think the objection to be wholly without plausible weight.

7. INSTRUCTION: limitation of jury to evidence and instructions.

VIII. Counsel for appellant submitted instructions in which the degree of care required to be exercised by defendant in keeping its car steps and platform in reasonably safe condition for passengers to enter or leave the car was stated to be that of ordinary care, but these instructions were erroneous, and properly refused. The carrier of passengers is bound to exercise the highest degree of care, reasonably consistent with the practicable conduct of its business, to prevent injury to one who is being transported as a passenger, and this care extends to the facilities for alighting from a street car. *Root v. Des Moines City R. Co.,* 113 Iowa, 675; *Hutcheis v. Cedar Rapids & M. C. R. Co.,* 128 Iowa, 279, 283; *McGovern v. Interurban R. Co.,* 136 Iowa, 13. The case of *Hiatt v. Des Moines, N. & W. R. Co.,* 96 Iowa, 169, relied upon by appellant, is not in .

8. CARRIERS OF PASSENGERS: decree of care.

point, for it has reference to the station platform, and not the platform of the car.

Finding no error in the record, the judgment is *affirmed.*