MARY ELLEN SANDVIG, Appellee, v. JOHN NICHTERN, Appellant.

**TRIAL:** Instructions—Construed as a Whole. Technical inaccuracy in one instruction relative to the speed of an automobile and the resulting presumption may be cured in a subsequent instruction wherein the statute is correctly stated.

**NEW TRIAL:** Verdict—Excessiveness. Verdict of $3,000 for the frac-
ture of a limb reviewed, and held excessive, in view of the nonper-
manent nature of the injury.

*Appeal from Emmet District Court.*—N. J. LEE, Judge.

DECEMBER 11, 1923.

ACTION to recover damages for personal injuries by a minor
plaintiff alleged to have been caused by the negligence of the
defendant in driving a Ford automobile in which plaintiff was
riding with her mother. Cause tried to a jury and damages
awarded in the sum of $3,250 which was reduced by the trial
court to $3,000. On plaintiff's election judgment was entered
for $3,000. Defendant appeals.—*Affirmed on condition.*

*Thomas O'Connor,* for appellant.

*Morse & Kennedy,* for appellee.

DE GRAFF, J.—This is a personal injury case and the primary
question involves the amount of damages awarded to plaintiff.
The evidence is not in serious dispute in relation to the alleged
negligence or the character and extent of the injury received by
plaintiff. Plaintiff, a child of two years of age, was riding with
her mother in a Ford touring car at the time of the accident.
The car stopped on the highway as the supply of gasoline was
exhausted. The defendant in a motor truck overtook the car,
replenished it with gasoline, and observing that plaintiff's
mother had difficulty in driving the car and caring for the baby,
volunteered to drive for her to the town of Graettinger. The
defendant and his son at the time were transporting a load of
hogs to the same town. His offer was accepted and he proceeded
with the car.

It is alleged by the plaintiff that the defendant drove the
car in a negligent and reckless manner and with a speed of
more than 30 miles per hour and in making a sharp curve the
car was overturned, resulting in damages to plaintiff.

It is the claim of the defendant that he drove the car in a
careful and prudent manner and not to exceed 20 miles per hour,

and as they approached a pond on the side of the highway the rim of the right front wheel came off, owing to its defective and decayed condition, causing the car to run on the spokes of the wheel, and in that condition it veered to the right side of the highway and adjacent to the pond or slough, and in order to prevent the car from going into the pond the Ford was driven toward the center of the road and in so doing it overturned causing the accident and the attending injuries.

Complaint is lodged against one instruction in¯which the jury was told: "If you find from the evidence that the defendant, at the time of the accident, was driving said car at a rate of speed of 30 miles per hour or more, then it will be presumed that the defendant was driving said car at a rate of speed which was not careful and prudent, under the circumstances." This language was used in explaining a statute of this state in relation to the operating of a motor vehicle on the public highway. Chapter 275, Acts of Thirty-eighth General Assembly. Section 27 of this act provides that every person operating a motor vehicle on the public highway shall drive the same in a careful and prudent manner and at a rate of·speed that will not endanger the property of another, or the life or limb of any person, and shall, in no event drive the same at a greater rate than 30 miles per hour, if the weight of the vehicle and load is less than three tons, and the vehicle is equipped with pneumatic tires.

*1. TRIAL: instructions: construed as a whole.*

In another instruction the statute was correctly given to the jury. It is true the instruction complained of does not follow the exact language of the statute and it is technically erroneous. It is a familiar rule that instructions must be considered and construed as a whole, and if, when so considered, it may be said that the jury was not misled, this court will not reverse because of language used in a single sentence or paragraph which standing alone does not announce correct law. A careful reading of the instructions in this case clearly discloses that no prejudice resulted. It was the province of the jury to determine the negligence of the defendant in the particulars charged and the challenged instruction refers to the *time and circumstances of the accident.* Whether the defendant was driving 30 miles per hour, or less, at the time of the accident would

not necessarily under the evidence establish his negligence or freedom from negligence. It was left to the jury to determine the rate of speed at the time of the accident, and to accept or reject the defendant's version of the accident with respect to the breaking of the right front wheel. If the jury accepted the defendant's version that the right front wheel broke prior to the accident, it was still their province to determine whether or not the rate of speed at that time involved a careful and prudent operation of the car under the circumstances.

Plaintiff alleges that the defendant was negligently driving the automobile and with excessive speed, and that he lost control of the car causing it to swerve from one side of the road to the other until he turned it directly across the road causing it to overturn. Admitting that the statutory language should have been used in this connection, and that the language as used does not state the law accurately as it appears in the statute, it is clear from the whole charge that the jury was not misled. See, *Hawkins v. Young,* 137 Iowa 281; *Haradon v. Sloan,* 157 Iowa 608; *Law v. Bryant Asphalt Pav. Co.,* 175 Iowa 747.

Is the verdict and the judgment entered thereon excessive? We recognize that the assessment of damages on account of personal injuries is a matter peculiarly within the province of the jury, but if the appellate court concludes that it resulted from passion or prejudice, it is then our province to reduce or set aside the verdict. The modification of the verdict by the trial court is almost negligible, and it is not disclosed why this minimum reduction was made.

2. NEW TRIAL: verdict: excessiveness.

Turning to the facts for a moment, we find that the attending surgeon testifies that the injury to the child is not permanent. The fracture was about the juncture of the middle third and upper third of the femur or thigh. It was necessary to use weights on the limb after the fracture was reduced, and the treatment required about 20 days. "She had the average pain of a fracture of that kind. She was fussy more or less all the time. Q. How long does it take for a fracture like this to entirely knit together? A. Well, it was knit together at the time she left the house, but usually in a youngster, about eight to ten

weeks before they use it to amount to anything. After that it would be weak and cause some trouble until that got strong again. There was nothing about the limb but what we could get it set right. We used the X-ray machine, and knew just what to do. I have not seen the child until today. Q. How is it today? A. Apparently all right, except that she complains of some pain in it when she uses it. Q. As far as it being set right and being as good as the other leg, there is no trouble in the girl, is there? A. She has a good result. There is no likelihood of the broken limb being shorter than the other.''

Upon a careful review of the evidence bearing on this phase of the case we reach the conclusion that the judgment must be further reduced and it is reduced to the sum of $2,000. If the plaintiff elects to take this amount with interest from the time of the original judgment and within 30 days from the filing of this opinion in the office of the clerk of the Supreme Court of Iowa, then this cause will stand affirmed; otherwise, reversed. —*Affirmed on condition.*

PRESTON, C. J., STEVENS and VERMILION, JJ., concur.