LUCY BERTHA BRYAN et al., appellees, v. IOWA STATE HIGHWAY COMMISSION and STATE OF IOWA, appellants.

No. 50061.

(Reported in 104 N.W.2d 562)

AUGUST 2, 1960.

Norman A. Erbe, Attorney General, C. J. Lyman, Special Assistant Attorney General, John L. McKinney, General Counsel for Iowa State Highway Commission, and Burnquist, Helsell, Burnquist & Kersten, of Fort Dodge, for appellants.

Rider, Bastian & Beisser, of Fort Dodge, for appellees.

PETERSON, J.—On April 29, 1958, the Iowa State Highway Commission filed proceedings for condemnation of the front section of the home of plaintiffs. The tract was 22.91 feet in depth on the south side, 35 feet in depth on the north side, and

115 feet in length across the front. Plaintiffs' home is located immediately north of Fort Dodge. This property was needed in connection with the relocation of U. S. Highway No. 169.

Plaintiffs appealed from the appraisal of the condemnation jury, and on trial of the case the district court jury returned a verdict for $6000.

Defendants filed motion for new trial which was overruled. The Highway Commission and State of Iowa have appealed.

Appellants do not assign error as to the amount of the verdict. They allege the district court committed error: 1. In entering order permitting plaintiffs to examine the computations, conclusions and opinions of the three appraisers retained by defendants in connection with preparation for trial of the case. 2. In failing to submit to the jury defendants' Requested Instruction No. 3. 3. In failing to submit to the jury defendants' Requested Instruction No. 5.

Sometime prior to the trial of the case plaintiffs filed "Application for production and inspection of certain papers." The application requested that the three realtors in Fort Dodge who had examined and appraised the property for the Highway Commission be ordered to produce all their original papers, and notes incidental thereto, prepared by said appraisers, for the inspection of plaintiffs and their attorneys. Upon hearing, the trial court ordered production of the papers. The appraisals, when produced, contained a careful analysis of the property, together with the appraisers' conclusions and opinions as to damages.

Defendants filed petition for writ of certiorari in this court as against such order of the trial court. In the petition defendants did not allege that the order was in violation of rule 141(a), R. C. P. Issuance of the writ was denied.

I. The provision of the new rule 141(a), R. C. P., that a writing containing the conclusion of an expert need not be produced for an adversary, appears to apply here.

Appellants' first assignment of error as to rule 141(a) is no basis for reversal as the Highway Commission did not object to plaintiffs' application on the ground it would violate rule 141(a). The question was therefore not properly presented

to the trial court, and cannot be raised for the first time here.

■ The general principle has been established through many decisions of this court. It is only necessary to cite and quote from a few. Conkling v. Standard Oil Co., 138 Iowa 596, 600, 116 N.W. 822, 824; Johnston v. Cedar Rapids & M. C. Ry. Co., 141 Iowa 114, 119 N.W. 286; Shultz v. Shultz, 224 Iowa 205, 275 N.W. 562; In re Estate of Sarbaugh, 231 Iowa 320, 1 N.W.2d 105, 107; Weimer v. Lueck, 234 Iowa 1231, 15 N.W.2d 291; Jensvold v. Chicago G. W. R. Co., 236 Iowa 708, 18 N.W.2d 616; Bokhoven v. Hull, 247 Iowa 604, 75 N.W.2d 225; Siebert v. State Farm Mut. Ins. Co., 251 Iowa 1060, 103 N.W.2d 757.

In In re Estate of Sarbaugh, supra, page 325 of 231 Iowa, we said: "Accordingly, we are of the opinion that the questions now presented were not properly raised below and should not be considered for the first time in this court."

To the same effect see Weimer v. Lueck, supra, page 1239 of 234 Iowa: "The proposition stated in the assignment of error was not submitted to or decided by the trial court. It therefore cannot be considered here."

In Jensvold v. Chicago G. W. R. Co., supra, the court said at page 715 of 236 Iowa: "Appellee here is raising a question not presented to the district court. This court has uniformly held that this cannot be done."

■ II. Requested Instruction No. 3 in substance was an instruction to the jury: "To assume that the highway and access road upon completion will be used in a lawful and proper manner."

Such an instruction was superfluous. This fact will be assumed without the necessity of a specific statement by the court.

■ Requested Instruction No. 5 was to the effect that the jury should not allow damages for taking plaintiffs' direct access, unless the access provided is not reasonable and is not free and convenient.

At the time of the trial the Commission was working on the highway. It was partially completed in front of plaintiffs' property. The plans and specifications in evidence provide for an access, and it would be presumed that published plans as to

the highway and the access would be followed without injecting the issue into the case in the form of an instruction.

The trial court's Instructions Nos. 8, 9 and 10 fully cover all elements necessary in connection with submission of the case to the jury. The instructions submitted must be considered as a whole, and, if all necessary matters pertaining to the case are included, the failure to include some unnecessary specific circumstances does not form the basis for reversal. In re Will of Behrend, 233 Iowa 812, 10 N.W.2d 651; Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577; Mathis v. Des Moines City Ry. Co., 196 Iowa 1028, 195 N.W. 620; Sandvig v. Nichtern, 196 Iowa 1124, 196 N.W. 39.

In In re Will of Behrend, supra, page 818 of 233 Iowa, this court stated: "* * * instructions must be taken and considered as a whole, and if those given fully, fairly, and correctly present the issues and the law, they are sufficient."

The case is affirmed.—Affirmed.

LARSON, C. J., and GARFIELD, HAYS, THOMPSON, GARRETT, and THORNTON, JJ., concur.

OLIVER, J., not sitting.