In re Condemnation of Certain Land for use and benefit of Primary Road 1-80 in Johnson County.

Kenneth I. Belle et al., appellees, v. Iowa State Highway Commission, appellant.

No. 51165.

(Reported in 126 N.W.2d 311)

44

February 11, 1964.

Evan Hultman, Attorney General of Iowa, of Des Moines, C. J. Lyman, Special Assistant Attorney General, of Ames, Henry M. Keyes, State Counsel, Iowa State Highway Commission, of Ames, and William L. Meardon, of Iowa City, all for appellant.

W. Lawrence Oliver, of Des Moines, Messer & Cahill and Jerry L. Lovelace, all of Iowa City, for appellees.

GARFIELD, C. J.—Plaintiffs Kenneth I. Belle and Laurence B. Short appealed to the district court from the assessment of damages for the taking by eminent domain of part of their property and appurtenances thereto for highway improvement purposes. From the award following trial by jury defendant Iowa State Highway Commission has appealed to us.

Plaintiffs were, prior to condemnation, the owners of 33.9 acres located just west of old Highway 218 and north of Foster Road in and adjacent to Iowa City. Five acres are within the corporate limits of Iowa City and are zoned for residential purposes, R-1A. The remainder just beyond the corporate limits is zoned suburban residential under county zoning.

The evidence indicated without substantial controversy that the best use of the area would be for homes in the higher priced bracket. Utilities including water, sewer, gas and electricity were available. The property had been surveyed and plats prepared providing for 53 lots with convenient access to each. A driveway had been built through part of the area to a newly constructed home. From existing streets and highways there was convenient access to the area. The plats had in part been approved by the city planning commission but had not been officially filed and approved as an addition to Iowa City.

In connection with the construction of Interstate Highway No. 80 north of Iowa City the defendant-commission declared North Dubuque Street south of the interstate to be a limited access highway preventing access thereto. Plaintiffs' property

abuts Dubuque Street on the east. As a substitute and to provide access to property otherwise isolated the commission condemned for the construction of an access road approximately five acres extending through plaintiffs' property leaving strips on each side. Also condemned were all rights of direct access to present Dubuque Street and all rights to the Dubuque Street Relocation. Additional land for temporary (until November 30, 1964) easement rights was appropriated.

The taking amounted to 14.8 percent of plaintiffs' property and included approximately 10 of the lots in the proposed plat plus appurtenances and access affecting the remainder.

Plaintiffs' witnesses included an engineer, a contractor and witnesses as to values.

Plaintiffs' witnesses as to values before and after condemnation, after qualification, stated their opinions. The measure of damage computed therefrom ranged from $31,000 to $44,750. Defendant-appellant's compilation of figures set out in brief and argument is not in accord with the record. In arriving at their opinions the witnesses said they had compared and considered sale prices of other properties but did not state the sale prices of other properties.

Defendant called three witnesses, one of the commission engineers and two valuation witnesses.

The valuation witnesses, after qualification, stated their opinions as to before and after values. The measure of damage computed therefrom ranged from $11,500 to $12,000. The jury returned a verdict in the sum of $27,500.

Defendant's valuation witnesses, in addition to stating their opinions, testified as to other properties, characteristics, sale prices and comparabilities.

Defendant made timely objection to the court's instruction relative to loss of access and failure to instruct specifically as to comparable sales.

Defendant's first claimed error relied on for reversal is failure to instruct the jury relative to the proper consideration of evidence of comparable sales.

I. The question of comparable sales has been before us in recent cases. Apparently all of the problems incident thereto

have not been resolved. Since the decision in Redfield v. Iowa State Highway Commission, 251 Iowa 332, 99 N.W.2d 413, 85 A. L. R.2d 96, it has been the rule that evidence of such sales might be received as substantive evidence as to the value of the property being taken. Prior thereto it had been the rule that testimony of experts as to the sale prices of similar properties in the vicinity might be received on cross-examination to test the knowledge and competency of such experts, and the weight and value of their opinions. Such testimony, however, could not be considered as substantive evidence. When such testimony was received for a certain purpose only it was the duty of the court by timely admonishment or instruction to tell the jury the limitation. When there was a request for an instruction as to the limited purpose for which such testimony was received and that it should not be considered as substantive evidence refusal to so instruct was error. Lehman v. Iowa State Highway Commission, 251 Iowa 77, 86, 87, 99 N.W.2d 404. Such an instruction was necessary for the purpose of limitation.

██ Such is no longer the law. Now that testimony as to comparable sales is admissible as substantive evidence a limiting instruction is no longer proper. If the sales are comparable the evidence is admissible without restriction. It goes to the value of the property. Like other evidence it is for the jury to determine its weight and credit.

II. In Iowa Development Company v. Iowa State Highway Commission, 252 Iowa 978, 986, 108 N.W.2d 487, comparable sales were considered at length. We said:

"Other similar sales need not be identical but must have a resemblance in order to be shown in evidence. Size, use, location and character of the land and time, mode and nature of the sale all have a bearing on the admissibility of such evidence."

That case was tried to the court without a jury and what was said therein referred to the admissibility of evidence and not to the propriety or necessity of a jury instruction.

█ In the case at bar defendant offered testimony as to sale prices of other tracts claimed comparable. The per acre sale prices were mentioned several times. Plaintiffs vigorously objected but were overruled. Plaintiffs have not appealed. There

were situation differences including loss of access and the building of a new road through the middle of plaintiffs' property so the per acre value of comparable land was of lessened probative value in determining the measure of damage. There was enough similarity in the properties, however, so that the admission of the evidence was within the discretion of the court. We mention this only to show the premise from which our first serious problem evolves.

It should be kept in mind that evidence of comparable sales is germane to the question of value before condemnation.

■ ■ The admissibility of the evidence is for the court. The extent of the comparability and the weight and credit to be given the evidence is then for the jury. Defendant argues that evidence of comparable sales is of high probative quality. That is true but it is not for the court to so instruct the jury.

■ Knowledge of a witness of other sales may be and frequently is a foundation for opinion testimony, but evidence of actual sales of comparable property is now substantive evidence as distinguished from opinion testimony. It frequently happens, as it did here, that opinion testimony and evidence of comparable sales comes from the same witness. Evidence of comparable sales may be used to test that qualification of an opinion witness and also as substantive evidence. The difference between opinion testimony and substantive evidence is a proper subject for a jury instruction.

■ III. In Wicks v. Iowa State Highway Commission, 254 Iowa 998, 1006, 119 N.W.2d 781 (decided February 12, 1963, one month after the submission of the instant case to the jury), we held that the giving of an instruction was improper where there was no competent evidence of comparable sales. The instruction as given in that case was quoted and we said: "The error was not in the wording of the instruction but in the assumption that there was evidence of sales of similar properties. The giving of the instruction when there was no evidence in the record relative to comparable sales opened the door to unwarranted speculation by the jury * * *."

The Wicks case holds that the giving of an instruction without supporting evidence was error. Neither the propriety nor

necessity of such an instruction when there is supporting evidence was involved.

We now hold that when there is supporting evidence such an instruction is proper. This is true whether the evidence is offered by condemnor or condemnee.

IV. The trial court's instruction No. 8 was as follows:

"You are instructed that in arriving at your verdict in this case you should determine the value of this property in the light of the testimony given from the witness stand. You are not authorized to arbitrarily disregard the testimony of any witness. Certain witnesses have testified in this case as to values of the property in question. You are instructed that in weighing the testimony of these witnesses who have given their opinions as to such values, you are permitted to weigh and judge the soundness of opinions thus expressed by your own judgment, in the light of your own experience and knowledge in common with mankind in general, with respect to such matters. Give to the opinion of each witness on values such weight as you determine it entitled to, or none if you believe it entitled to none. Your verdict must be based upon the testimony, and not upon your own estimate of the value."

This is a standard and proper instruction and has not been challenged. See instruction No. 1.9; Iowa Uniform Jury Instructions.

The trial court's instruction No. 9 was as follows:

"In determining the fair and reasonable market value of the premises as a unit immediately before and immediately after the appropriation for highway purposes, as shown by the evidence, and the damages sustained by the plaintiffs, you are to take into consideration the amount of land taken by absolute fee title and by temporary easement; its location; its use; the inconvenience, if any, with the use and enjoyment of the premises arising from the taking of same or from the use to which it may be put; the fact that the taking or appropriation severs the plaintiffs' property into two tracts or pieces; whether the value of plaintiffs' property has been diminished for residential purposes, or for subdivision purposes, if you find it suitable for such purpose; the loss of direct access to and from Dubuque

Street; and any other matters made necessary by the condemnation, if such exist, as shown by the evidence in this case that may throw any light upon the question involved.

"You are not to collect or compute independent or specific items and elements of damage and consider the sum thereof as the damages to which plaintiffs are entitled. In other words, the plaintiffs are not entitled to recover the cost of any specific item or the sum total of various specific items as such, and the matters above suggested, and other facts and circumstances as shown in the evidence, should be considered by you only insofar as they may bear upon the fair and reasonable value of the plaintiffs' property at the time of its condemnation on June 7, 1962, and immediately thereafter."

█ The instruction was proper and except for omitting any reference to evidence of comparable sales has not been challenged. It is noted that at least eight elements of damage to be considered by the jury, if supported by the evidence, are mentioned but there is no reference to evidence of comparable sales.

It is the opinion of the majority that the mention of several matters to be considered by the jury in determining the value of the premises as well as the damages, without mention of evidence as to comparable sales, constitutes a prejudicial error of omission when, as here, proper objection is made thereto.

██ It is well settled that instructions should not unduly emphasize any phase or particular theory of the case. Kelly v. Chicago, Rock Island and Pacific Railway Co., 138 Iowa 273, 277, 114 N.W. 536, 128 Am. St. Rep. 195; State v. Miller, 65 Iowa 60, 66, 21 N.W. 181; State v. Williams, 238 Iowa 838, 28 N.W.2d 514; State v. Haesemeyer, 248 Iowa 154, 165, 79 N.W.2d 755; Clarke v. Hubbell, 249 Iowa 306, 316, 86 N.W.2d 905; Soreide v. Vilas & Company, 247 Iowa 1139, 1151, 78 N.W.2d 41; Evans v. Holsinger, 242 Iowa 990, 999, 48 N.W.2d 250, 28 A. L. R.2d 1434. In Bryan v. Iowa State Highway Commission, 251 Iowa 1093, 1097, 104 N.W.2d 562, we said: "The instructions submitted must be considered as a whole, and, if all necessary matters pertaining to the case are included, the failure to include some unnecessary specific circumstances does not form the basis for reversal."

It is equally well settled that where there is mention of testimony favorable to one party it is reversible error not to set out testimony on the question which is unfavorable to that party. State v. Dunne, 234 Iowa 1185, 1194, 1195, 15 N.W.2d 296, 301; Whitman v. Chicago G. W. Ry. Co., 171 Iowa 277, 285, 153 N.W. 1023, 1026; State v. Proost, 225 Iowa 628, 635–637, 281 N.W. 167; State v. Williams and State v. Haesemeyer, both supra; 53 Am. Jur., Trial, section 567; and 23A C. J. S., Criminal Law, section 1308.

The principle underlying these authorities is similar to that which underlies the doctrine expressio unius est exclusio alterius. Since the instructions make no reference to comparable sales but do refer to opinion evidence of values and other items of evidence to be considered in determining the ultimate question, the jury might well believe evidence of comparable sales was impliedly excluded from its consideration.

The Redfield case, supra, Division I, made an important change in the law governing trial of condemnation appeals. The instructions given in the case before us were evolved before that decision—not in the light of it.

Because of the importance of the change made by the Redfield case and the high probative value attributed to evidence of comparable sales by respectable authorities, instructions should now be drawn in the light thereof.

When defendant asked for an instruction or mention of comparables and there was evidence relative thereto the failure to list evidence of comparable sales among the matters to be considered by the jury was reversible error.

V. The jury was instructed relative to the loss of access. Defendant attacked mention thereof and the instruction relative thereto.

In the statement of the issues the court told the jury that plaintiffs claimed they were damaged by the taking of all rights of direct access from plaintiffs' remaining property to Dubuque Street adjacent thereto, and not leaving plaintiffs reasonable and convenient access to and from their real estate to Dubuque Street.

The proceedings instituted by the defendant-commission

specifically condemned all rights of direct access to Dubuque Street and provided that no rights of direct access to the Dubuque Street relocation should inure.

The defendant took all access to Dubuque Street. In eminent domain the denial of reasonable access, or as it is called "free and convenient" access, constitutes compensable taking of property. Ordinarily whether there was such a taking is one of fact. Wicks v. Iowa State Highway Commission, supra, and cases discussed therein. The statement in the issues as to plaintiffs' claim was proper.

VI. The taking of all direct access to Dubuque Street was undisputed.

Instruction No. 9 quoted, supra, mentions loss of access as an element to be considered. There was no error.

VII. Plaintiffs' property is irregular in shape. The eastern part had a frontage on Dubuque Street of 495 feet. It did not abut on Foster Road to the south. Lierle Addition, not involved in this controversy, is located between the eastern part of plaintiffs' property and Foster Road. The western part of plaintiffs' property had frontage on Foster Road to the south. With the condemnation of a strip of land through plaintiffs' property running northwesterly and the taking of access to Dubuque Street the eastern part of plaintiffs' property was left with no access to any existing street. At the time of the condemnation the commission proposed but had not built what is designated on defendant's plat as Laura Drive Connection on the condemned strip of land.

Defendant argues that there was only an impairment of access and not a destruction. This is on the theory that when defendant completed Laura Drive Connection plaintiffs would have access by using the new substitute driveway and the final result would be only a noncompensable increase in circuity of travel.

Defendant cites Wilson v. Iowa State Highway Commission, 249 Iowa 994, 90 N.W.2d 161. That case involved the improper consideration by the jury of noncompensable restrictions imposed under city police power.

The rule is stated in Warren v. Iowa State Highway Com-

mission, 250 Iowa 473, 478, 93 N.W.2d 60, as follows: "Generally, a taking through exercise of the police power is noncompensable; through eminent domain it is compensable." In the case at bar the taking is by eminent domain. The questions are whether plaintiffs have been deprived of free and convenient access and if so how much is their damage.

Defendant argues that there should have been an instruction enabling the jury to determine the issue in light of the facilities existing and proposed.

Defendant's argument says: "The approval of the instructions in the case at bar, in light of the surrounding facts and circumstances, will create a potential expanded burden of cost of highway programs everywhere in the state and will militate against the construction of secondary service facilities by the highway authorities in the best interest of the condemnee."

What a jury says is just compensation may seem high but if an instruction is proper it cannot be disapproved just because highway programs are costly. Neither do we think that it will cause the commission to improperly curtail the construction of secondary service facilities needed in the best interest of condemnees. We assume that the commission will operate in a spirit of fairness to all.

Instruction No. 12 was as follows:

"Plaintiffs claim damages, in addition to the land actually taken, for prohibiting direct access from their property to Dubuque Street which abutted their property on the east.

"In this connection you are told that under the law of this State an abutting property owner is not entitled to access to his or her real estate at all points but is entitled to a reasonable and convenient access. And it is when there is a substantial or material impairment or interference with the right of access that the abutting property owner may claim damages.

"If you find from a preponderance of the evidence that a substantial or material impairment or interference may result to the rights of ingress and egress to and from Plaintiffs' real estate from Dubuque Street as it was before the condemnation or as relocated, you may then take into consideration the element of access in arriving at your verdict.

54 

"If you do not so find then you will give no consideration to the matter of access."

This instruction does not tell the jury to award damages for loss of access to Dubuque Street as argued by defendant. It properly tells the jury that plaintiffs are not entitled to access at all points but are entitled to reasonable and convenient access to their property. It then says that if there is a substantial or material impairment or interference to plaintiffs' rights of access to Dubuque Street as it was before condemnation the jury *may then take into consideration the element of access* in arriving at the verdict. (Emphasis supplied.)

The instruction might properly have been amplified somewhat but when read as a whole and in connection with all the instructions it was neither fatally insufficient nor wrong.

The plans of the commission for the building of access roads were before the jury. The plans were explained by defendant's engineer. Under proper instructions the jury was permitted to view the premises. There is nothing in the record to indicate any mystery about what defendant was doing or contemplated doing. Plaintiffs' damages were determinable.

 Plaintiffs' damages were to be determined as of the date of condemnation. There is no argument about that but see Ranck v. City of Cedar Rapids, 134 Iowa 563, 565, 111 N.W. 1027. Defendant may not complain because the jury was not specifically instructed to consider contemplated future improvements by the defendant even though testimony relative thereto was admitted.

Because of the error pointed out in Divisions III and IV the case is reversed and remanded for a new trial.—Reversed and remanded.

THOMPSON, THORNTON, MOORE and STUART, JJ., concur.

SNELL, HAYS and PETERSON, JJ., dissent.

SNELL, J. (dissenting)—I would affirm.

The measure of damage in a partial taking is the difference in value before and after appropriation. The first proposition to be established in connection therewith is the value before taking.

To establish or refute the claim as to value before taking evidence of comparable sales is admissible. The next proposition going to the ultimate question is the value after the taking. To show a reduction in value various elements claimed to have a bearing thereon may be considered. Mention of elements of damage to be considered is not the same thing and should not require reference to evidence going to proof of the premise from which consideration must start.

The majority opinion holds that in instruction No. 9 there was an error of omission. I think the criticism overlooks the distinction between an element to be considered and evidence going to the proof of an element or proposition.

I agree with the majority that when there is supporting evidence an instruction on comparable sales drawn in the light of the Redfield case is proper and desirable. I would announce this rule prospectively for the guidance of the bench and bar, but in the light of all the instructions given in this case would hold that no such prejudice appears here as to require reversal.